RADANT, Appellant, vs. WERHEIM MANUFACTURING COMPANY, Respondent.

*April 7 — April 27, 1900.*

*Defect of parties: Waiver: Equity: Failure to assert title to land: Estoppel: Mechanics' liens.*

1. A defect of parties must be taken advantage of by demurrer if it appears on the face of the complaint, otherwise by answer, or it will be deemed to have been waived.

2. Plaintiff's father, as security for a loan of money, conveyed land and took back a land contract. He assigned the contract to plaintiff, but the assignment was not recorded. They continued to live upon the land, and obtained from defendant building material for use thereon. Plaintiff intended to become the debtor for such material, but defendant supposed the father was the purchaser. Afterwards defendant commenced an action against the father to enforce a lien for such material on the land, but plaintiff, supposing he was the person intended to be sued, appeared and answered. On the trial he discovered the mistake, and withdrew his answer without disclosing the true state of the title, and thereafter kept silent until defendant, with his knowledge, had incurred the expense of obtaining a lien judgment and was proceeding to enforce it. Plaintiff then had the assignment of the land contract recorded, and brought this action to restrain the enforcement of the lien judgment and quiet his title as against it. *Held,* that equity would not aid him, but, for the purposes of the action, would consider the father as the owner of the land.

APPEAL from a judgment of the circuit court for Marathon county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

Action to remove a cloud on the title to real estate on the following facts:

In 1873, when plaintiff was quite a boy, his father, August Radant, Sr., purchased the real estate in question for a home for himself and family and occupied the same as such thereafter, the son residing with him. March 25, 1889, Radant, Sr., conveyed the property to one Henry Gruenwald by deed absolute on its face for the purpose of securing a loan of money, taking back, as evidence of his interest in the prop-

erty, a land contract. The deed and contract were immediately recorded in the office of the register of deeds of the proper county. A few days thereafter Radant, Sr., assigned his land contract to plaintiff, but the assignment was not recorded till May 27, 1897, during all of which time August Radant, Sr., to all appearance, was the owner of the property the same as he always had been, save and except for the mortgage thereon created by the transactions with Gruenwald as before stated. The land contract was assigned to plaintiff partly as a gift from the father and partly in consideration of what plaintiff had done by way of improving the property.

In 1895 the Radants obtained some building material of the defendant for use in constructing a building on the land. The plaintiff intended in the transaction to become the defendant's debtor for the building material, but defendant supposed its customer was Radant, Sr. The material not being paid for, a lien was filed on the property pursuant to the laws of this state relative to mechanics' and materialmen's liens, and thereafter an action was commenced to enforce such lien. The summons and complaint were served on Radant, Sr., but plaintiff, supposing he was the person intended to be sued, appeared in the action and answered. Plaintiff discovered on the trial that the real party sought to be charged was Radant, Sr., whereupon he withdrew his answer without disclosing the true state of the title to the property. He kept silent, with full knowledge of the facts, while defendant proceeded to perfect judgment against Radant, Sr., as the debtor and the owner of the property sought to be charged with such debt. Thereafter defendant proceeded to enforce such judgment by a sale of the property, whereupon this action was commenced to restrain such sale and to quiet the title to the property in plaintiff as against such judgment.

On the trial the defendant offered to release its claim to

a lien against the property on payment of the original indebtedness claimed in the complaint, which proposition plaintiff refused to accept. On such facts the court decided that defendant was entitled to a dismissal of the action and to recover its costs and disbursements of the plaintiff because of a defect of parties defendant, in that Henry Gruenwald, and others not necessary to be mentioned, were not joined as defendants, and for want of equity. Judgment was rendered accordingly.

The cause was submitted for the appellant on the brief of *John Livermore*, attorney, and *Bump, Kreutzer & Rosenberry* and *Franklin Bump*, of counsel, and for the respondent on that of *Mylrea & Bird*.

MARSHALL, J. The judgment appealed from is grounded, first, on a defect of parties, and, second, want of equity.

The first ground mentioned is untenable. A defect of parties must be taken advantage of by demurrer if it appears on the face of the complaint, otherwise by answer, or it will be deemed to have been waived. *Kimball v. Noyes*, 17 Wis. 695; *Dreutzer v. Lawrence*, 58 Wis. 594; *Hallam v. Stiles*, 61 Wis. 270. The objection that there is a defect of parties, either plaintiff or defendant, is never a good ground for the dismissal of a complaint on a trial upon the merits.

The second ground upon which appellant's claim was dismissed must be sustained, if at all, upon the familiar principle of equitable estoppel, that " he who keeps silent when in good conscience he ought to speak shall be debarred from speaking when conscience requires him to be silent."

If appellant owed a duty of disclosure to respondent respecting his title, and, by failure to do so, respondent was led to incur expense to perfect his lien judgment and enforce it, upon the belief that Radant, Sr., was the owner of the property, equity cannot properly aid him to change his situation to respondent's prejudice.

Radant vs. Werheim Mfg. Co.

Among the earliest applications of the principles under discussion are cases where the owner of property stood by without disclosing his ownership, while another in good faith dealt with such property as that of a third person; and it was held that such owner was in duty bound to correct the error of such other before he so acted as to be prejudiced thereby. *Pickard v. Sears,* 6 Adol. & E. 469; *Gregg v. Wells,* 10 Adol. & E. 90; *Heane v. Rogers,* 9 Barn. & C. 577, 586; *Graves v. Key,* 3 Barn. & Adol. 313, 318; *Niven v. Belknap,* 2 Johns. 572. In *Pickard v. Sears, supra,* to which most of the later authorities refer, it was said, in effect, that one who stands by and keeps silent while his property is being dealt with in good faith as the property of another, ceases to be the owner of such property so far as otherwise the party misled would suffer. That is elementary and has often been applied by this court. *Waddle v. Morrill,* 26 Wis. 611; *Anderson v. Coburn,* 27 Wis. 558; *Kingman v. Graham,* 51 Wis. 232; *Wheeler & W. Mfg. Co. v. Monahan,* 63 Wis. 198. That doctrine was applied in *Baehr v. Wolf,* 59 Ill. 470, where a person who held an unrecorded land contract, knowing that another was negotiating to purchase the land of his vendor without notice of the existence of such contract, failed to notify such other of the true state of the title.

The last case cited brings out the principle under discussion, as applicable to this case, quite clearly. It appears by the record that respondent dealt with Radant, Sr., as the owner of the property in controversy, from the time the indebtedness accrued. The appellant knew that fact soon after the action was commenced. His claim to the property was under an unrecorded land contract. He knew, or ought to have known, from the time the action was commenced, that respondent was proceeding in error as to the true state of the title. He was the real beneficiary of the material for which the indebtedness constituting the lien claim accrued.

Radant vs. Werheim Mfg. Co.

Notwithstanding these facts, he kept silent as to his unrecorded contract, though he at one time actually appeared in the action, till respondent had incurred the expense of obtaining the lien judgment and further expense towards enforcing it, and then, without offering to pay for the material, for which appellant acknowledged on the trial of this action he was the real debtor and beneficiary, he commenced such action.

Equity cannot aid the appellant, under the circumstances stated, to prevent the enforcement of the lien judgment. It will consider Radant, Sr., for the purposes of this action, as the owner of the property affected by the judgment.

Appellant could readily have brought the true state of the title to the attention of respondent before the lien judgment was entered, and thereby have prevented its rendition and all necessity for this action, unless the judgment were based on an adjudication that the respondent's claim, under the circumstances, was a lien on appellant's interest in the property. Appellant failed to do that till respondent, with his knowledge, incurred considerable expense in efforts to collect its claim by the remedy given by the lien statute. Such failure was accompanied by circumstances clearly indicating a design to mislead respondent up to a point where appellant's interest in the property could not be reached in a lien suit. As soon as that point was supposed to have been passed, appellant placed his land contract on record so as to deter respondent from enforcing its judgment; and that not being effectual, appellant appealed to a court of equity to aid him. The trial court correctly decided that appellant has no standing in a court of equity.

*By the Court.*— The judgment of the circuit court is affirmed.

BARDEEN, J., took no part.