UHLENBERG, Appellant, vs. MILWAUKEE GAS LIGHT COM-
PANY, Respondent.

*January 30—February 16, 1909.*

*Actions: Limitations: Condition precedent: Notice of personal in-
jury: Essentials: Municipal corporations: Defective streets:
Primary liability of person not served with notice.*

1. Notice of a personal injury resulting from defects in a street was
   served upon the city, reciting that the damage was caused by
   the city and that satisfaction was claimed from it.   Action
   having been commenced against the city, it tendered the de-
   fense to a gas company on the theory that the latter had caused
   the defects, accompanying such tender with copies of the sum-
   mons, complaint, and notice of injury.   Plaintiff was nonsuited
   in the action against the city on the ground that the gas com-
   pany was primarily liable, and then sued that company but did
   not serve upon it any notice of the injury.   *Held*, that the no-
   tice served upon the city was not sufficient to fix liability upon
   the gas company, under subd. 5, sec. 4222, Stats. (1898), requir-
   ing the notice to be "served upon the person or corporation by
   whom it is claimed such damage was caused" and to state "that
   satisfaction thereof is claimed of such person or corporation."
2. For the same reason, the complaint in the action against the city
   could not serve as a notice to the gas company; and the tender
   of defense, besides not containing the essential recitals, did
   not meet the requirement of the statute that the notice should
   be "signed by the party damaged, his agent or attorney."
3. The fact that a statute provides that a notice shall not be insuffi-
   cient or invalid solely because of inaccuracy or failure in stat-
   ing certain things if there was no intention to mislead and
   no one is in fact misled thereby, indicates that in other respects
   the notice must substantially comply with the requirements of
   the statute.

APPEAL from an order of the circuit court for Milwau-
kee county: ORREN T. WILLIAMS, Circuit Judge.   *Affirmed.*

This action is brought to recover damages for a personal
injury.   A wheel, broken from a hose cart, rolled against the
defendant and injured him while he was standing on a street
corner in the city of Milwaukee.   Action was commenced by

the service of a summons and complaint December 7, 1905, against the city of Milwaukee to recover damages for such injury. The accident happened July 13, 1905, and on July 21, 1905, notice of the injury was served on the city, pursuant to subd. 5, sec. 4222, Stats. (1898), such notice being addressed to the mayor and city clerk of the city, and claiming "satisfaction for said injury from the city of Milwaukee." Such notice recited:

"That the street in front of and along said Commerce and Walnut streets at and near the place where the accident occurred was out of repair and defective to the knowledge of the city of Milwaukee, and the hose cart upon which the said wheel was detached was defective, and that while the said hose cart was rapidly and with great violence running to a fire, the said wheel, on account of the said defective condition of the street and hose cart, became detached and rolled against the plaintiff, causing said accident and injury."

On February 3, 1906, the city of Milwaukee tendered the defense of the action to the *Milwaukee Gas Light Company*, on the theory that the defective condition of the street complained of was due to the failure of such company to restore said street to its former condition after having torn up the same to repair a leak in a gas main, and that said gas company was primarily liable for the injury sustained by plaintiff by reason of the defective condition of the street. The tender of the defense of the action was accompanied with a copy of the summons and complaint in the action and also a copy of the notice of injury served upon the city on July 21, 1905. The plaintiff was nonsuited in the action brought against the city, on the ground that the defendant in this action was primarily liable for the damages sustained. This action was commenced March 11, 1908, and more than one year after the accident occurred. The complaint alleges that the notice required by subd. 5, sec. 4222, Stats. (1898), was duly given to the defendant by reason of the service on said

defendant, by the city attorney of the city of Milwaukee, of a copy of the notice of injury served on said city, together with a copy of the complaint in the action against the city, and of the tender of the defense in said action. The complaint alleges that "no other notice was served upon said defendant *Milwaukee Gas Light Company.*" The defendant demurred to the complaint on two grounds: (1) As not stating a cause of action; and (2) because the action was not commenced within the time limited by sec. 4222, Stats. (1898). From an order sustaining such demurrer plaintiff appeals.

The cause was submitted for the appellant on the brief of *Ernst A. Kehr.*

For the respondent there was a brief by *Miller, Mack & Fairchild,* and oral argument by *A. W. Fairchild.*

BARNES, J.   The material part of subd. 5, sec. 4222, Stats. (1898), in so far as it affects the question before the court, provides that:

"No action to recover damages for an injury to the person shall be maintained unless, within one year after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation."

The statute further provides that the notice shall not be deemed insufficient solely because of any inaccuracy or failure in stating (1) the description of the injuries and (2) the manner in which they were received, or the grounds on which claim is made, provided there was no intention to mislead and the party was not in fact misled thereby.

It will be seen that the statute requires that the notice must be served upon the person or corporation by whom it is

claimed such damage was caused and that it must state that "satisfaction thereof is claimed of such person or corporation." The notice here served recited that the city of Milwaukee caused the damage and likewise stated that satisfaction therefor was claimed from said city. Manifestly, if effect is to be given to the plain provisions of the statute, the notice was insufficient to fix liability upon the defendant. It not only fails to claim satisfaction from the defendant, but negatives the idea that damages are claimed from it by asserting that damages are claimed from another corporation. Neither is the notice addressed to the defendant, but to the city of Milwaukee. The statute declares that error or inaccuracy in stating certain things required to be stated in the notice shall not render it insufficient if there was no intention to mislead and the party from whom damages are claimed is not in fact misled. Such provision, however, does not extend to the requirement that the notice must be served upon the party from whom damages are claimed and must state that satisfaction for such damages is claimed of such party. The fact that the statute has provided that certain requirements thereof are not essential to the validity of the notice, where no one is misled and there was no intent to mislead, would indicate that its other provisions must be substantially complied with.

In *Smith v. C., M. & St. P. R. Co.* 124 Wis. 121, 123, 102 N. W. 336, this court said that, when the language of a provision of this statute relating to the manner of serving the notice was plain and unambiguous, "such provision is imperative and not permissive." Again, in *Hoffmann v. Milwaukee E. R. & L. Co.* 127 Wis. 76, 82, 106 N. W. 808, it was contended that the notice need not be given within one year in the case of a minor. The court rejected the exception sought to be interpolated into the statute, saying:

"The statute in question is clear and unambiguous, and, if its words be given their plain, obvious, and ordinary meaning, there can be no room for doubt that the legislature in-

tended the statute requiring notice to be served within one year after the happening of the event causing the damage should apply to all persons.   To give it any other construction would be to disregard the plain meaning of the statute."

It is manifest here that a plain and unambiguous provision of this statute has not been complied with.   To hold the notice sufficient it would be necessary to eliminate a portion of the law by judicial construction.   This court is not concerned with the merits or demerits, or the wisdom or lack of wisdom, in this law.   If it is wrong the legislature should repeal it. It is not permissible for the courts to do so by a construction wholly at variance with the obvious meaning of the words used in the act.

The complaint in the action against the city of Milwaukee is not helpful as a notice, inasmuch as it is subject to the same infirmity as is the notice served on the city.   The tender of defense made by the city attorney of the city of Milwaukee was not made by the plaintiff or by his agent or attorney, as required by said subd. 5 of sec. 4222, and in any event is barren of essential recitals necessary to constitute notice under the statute.

*By the Court.*—The order appealed from is affirmed.