MAURER, Respondent, vs. NORTHWESTERN IRON COMPANY, imp., Appellant.

*October 30—November 19, 1912.*

*Limitation of actions: Condition precedent: Notice of personal injury: Irregularity in service: Waiver.*

1. A mere irregularity in the manner of serving the notice which, under sec. 4222, Stats., must be given as a condition precedent to the right to maintain an action for injury to the person, may be waived.
2. Where defendant received, without objection, a notice of injury which, though sufficient, was not served in the manner required by the statute, and acted thereon, assuring the plaintiff that no further notice was necessary, the irregularity in service was waived.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

Action to recover compensation for an injury. In respect to the notice required by sec. 4222, Stats., the pleader stated this: The injury occurred December 7, 1908. January 30th thereafter, plaintiff mailed to defendant, in whose service and by whose breach of duty such injury happened, a signed notice. It was received and responded to in writing, through the Employers' Liability Assurance Corporation. In April, 1909, defendant's attorney and agent visited plaintiff and inquired into the nature of his injuries; then informing him

that further notice of the injury was not necessary. Plaint-iff relied thereon, believing his claim would be settled without suit, and no further proceedings on his part would be required. The action was commenced October 13, 1910. A copy of the notice and response were made part of the complaint. The former, it was conceded on the argument, as the fact is, contained the essentials required by the statute, and satisfied the calls thereof, except as to manner of service. The response informed plaintiff his claim was in the hands of the insurance company for adjustment and would be taken up for settlement and indemnity through its general agent.

Defendant demurred to the complaint for insufficiency, and, specially, because the notice of injury was not properly served. The demurrer was overruled.

For the appellant there were briefs by *Quarles, Spence & Quarles,* attorneys, and *Irving A. Fish,* of counsel, and oral argument by *Mr. Fish.*

For the respondent there was a brief by *Carroll & Carroll,* and oral argument by *G. J. Carroll.*

MARSHALL, J. Sec. 4222, Stats., prescribes the manner of serving a notice of injury in the circumstances of this case. "Such notice shall be given in the manner required for the service of summons in courts of record" are the words of the statute. The giving of the notice is the material thing. It is made a condition precedent to the maintenance of an action to recover damages. It is not a condition of the existence of a cause of action but one of limitation upon opportunity to judicially enforce an existing such cause. While not a stat-ute of limitation, in the technical sense, it is so near akin thereto as to be classed therewith and called "a statute in the nature of a statute of limitation." *Meisenheimer v. Kellogg,* 106 Wis. 30, 81 N. W. 1033; *Gatzow v. Buening,* 106 Wis. 1, 81 N. W. 1003; *Malloy v. C. & N. W. R. Co.* 109 Wis. 29, 85 N. W. 130. So classed, the doctrine as to waiver of

the right to insist upon the benefit of the statute by failure
to raise the question by answer or special demurrer, in case
of the fact appearing upon the face of the complaint, or by
answer where it does not, has been adopted in respect thereto,
though the court has, in special circumstances akin to fraud
preventing compliance with or inducing failure to comply
with it, held that the statute is so far different from an ordi-
nary one of limitations, that a person may estop himself from
having the benefit thereof. *Guile v. La Crosse G. & E. Co.*
145 Wis. 157, 130 N. W. 234.

We will say, in passing, that counsel erred in supposing
that *Arp v. Allis-Chalmers Co.* 130 Wis. 454, 110 N. W. 386,
modifies or adds to *Troschansky v. Milwaukee E. R. & L. Co.*
110 Wis. 570, 86 N. W. 156, or that *Uhlenberg v. Milwau-
kee G. L. Co.* 138 Wis. 148, 119 N. W. 810, overruled either.
The latter is perfectly consistent with the doctrine that the
statute is one of limitations and extinguishes a right upon
which it operates the same as other such statutes; and, at the
same time, that the point cannot be insisted upon, except by
answer or demurrer. A limitation right, though one which
supersedes another upon which it acts, is waivable under some
circumstances. By the policy of our statutes and practice it
is waived by not insisting thereon by special demurrer or by
answer.

So it is plain, that the statutory right created by sec. 4222,
Stats., may be lost by estoppel, as in *Guile v. La Crosse G. &
E. Co., supra,* or waived in the action by failure to properly
raise the question.

It would seem to follow, necessarily, that any mere detail
of giving the notice, not affecting the real purpose of the stat-
ute, such as the particular manner of service, so long as an-
other way is substituted whereby the requisite information is
furnished and acted upon, is waivable: that if a distinct pur-
pose to waive appear, either expressly or inferentially, it will
be effective, regardless of any element of estoppel, in the tech-

nical sense.   As to whether a mere irregularity in the manner of giving the notice may be waived, is one thing, failure to give any notice at all is quite a different thing.   The former, it is considered, on elementary principles of natural justice, is subject to waiver.   A person may waive almost any statutory right provided for his protection.   There are some limitations upon that on grounds of public policy.   So, regardless of the rule as to whether a vested right created by the expiration of the period prescribed by an ordinary statute of limitation, may be lost by waiver or estoppel, except by failure to seasonably take advantage of it by pleading, the rule cannot be logically extended to details of complying with the statute involved here.

There being no question as to the power to waive the statutory manner of challenging attention of the person liable for damages, as in this case, that a waiver is amply pleaded here seems likewise plain.   No clearer case of waiver could be made than by receipt of and action upon an irregularly served notice characterizing such conduct by an assurance that no further notice would be required to secure adjustment of the claim.

*By the Court.*—Judgment affirmed.