MAXWELL, Respondent, vs. JOHNSON and others, Receivers, Appellants.

*February 15—May 15, 1917.*

*Limitation of actions: Notice of injury: Sufficiency: Action against wrong corporation: Receivers: Misdescription: Street and interurban railways: Injury to passenger in alighting: Evidence: Appeal: Harmless error: Equal division of justices.*

1. The C. & M. E. *Railway* Co. operates wholly within the city of Milwaukee, while the C. & M. E. *Railroad* Co. (in the hands of receivers) operates interurban cars but runs them in Milwaukee over the tracks of the *Railway* Co. Plaintiff was injured while alighting in Milwaukee from a car of the *Railroad* Co. Action was commenced against the *Railway* Co. Within two years after the accident an amended summons and complaint were served on a ticket agent who represented both the *Railway* Co. and the receivers of the *Railroad* Co. The papers were entitled as in an action against the *Railway* Co. and certain persons as receivers of the *Railway* Co.—such persons being however, in fact, the receivers of the *Railroad* Co. The allegations of the amended complaint were such that it could have no application to any corporation other than the *Railroad* Co. and its receivers; and the receivers were in no way misled by the misdescription. *Held*, that such complaint was a sufficient notice of the injury, under sec. 4222, Stats., to the receivers of the *Railroad* Co.

2. In an action for injuries sustained by a passenger in alighting from an interurban car, it was error to exclude court records offered in evidence to show, as bearing on plaintiff's credibility, that she had pleaded guilty to a charge of drunkenness and disorderly conduct; but the trial court having reduced the jury's award of damages from $3,250 to $1,250, the justices of this court participating in the decision are equally divided on the question whether such error was prejudicial.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action for personal injuries. The complaint alleged that on or about September 25, 1912, plaintiff was a passenger upon one of the cars of the defendant company between the city of Kenosha and the city of Milwaukee; that upon reaching Washington street in the city of Milwaukee plaintiff notified the conductor of said car that she desired to alight

and thereupon the conductor stopped the car as requested; that while plaintiff was in the act of leaving the car the motorman caused the car to start forward suddenly and violently and without notice or warning to the plaintiff, and that by reason thereof she was thrown to the ground and injured. The answer was an admission of the formal allegations of the complaint, and as to the other allegations a general denial.

The case was tried by a jury which rendered the following special verdict: (1) Plaintiff did not step from the car before it came to a stop. (2) The motorman did bring the car to a stop and then start it. (3) The motorman was not in the exercise of ordinary care when he started the car. (4) Failure of the motorman to exercise ordinary care was the proximate cause of plaintiff's injury. (5) Plaintiff was not guilty of any want of ordinary care. (6) Three thousand two hundred fifty dollars will reasonably compensate plaintiff for the injuries she sustained.

The trial court was of the opinion that the verdict of the jury evinced passion and prejudice, the jury in a former trial having assessed the damages at $700; but in view of the fact that there had been two trials the court concluded to reduce the damages to $1,250, and plaintiff had judgment accordingly. Other facts are stated in the opinion. From the judgment defendants appeal.

For the appellants there was a brief by *Edgar L. Wood* of Milwaukee, attorney, and *Bull & Johnson* of Chicago, of counsel, and oral argument by *Mr. Wood*.

For the respondent there was a brief by *A. J. Hedding* and *Rubin, Fawcett & Dutcher,* attorneys, and *Paul R. Newcomb,* of counsel, all of Milwaukee, and oral argument by *Mr. Newcomb*.

The following opinion was filed March 13, 1917:

ROSENBERRY, J. It is contended that the judgment is erroneous because no notice of injury was served by the plaintiff upon defendants, and that the action as against the

defendants, the receivers of the Chicago & Milwaukee Electric Railroad Company, was not begun within two years from the happening of the accident as required by sec. 4222, Stats. It appears that there are two corporations, the Chicago & Milwaukee Electric Railway Company, operating wholly within the city of Milwaukee, and the Chicago & Milwaukee Electric Railroad Company, of which Messrs. *Johnson, Osborne, Hanna,* and *Moore* are receivers, which operates cars between Kenosha and Milwaukee, and under an operating contract with the Chicago & Milwaukee Electric Railway Company operates such interurban cars over the tracks of the railway company in the city of Milwaukee. The action was begun by service of a summons upon the Chicago & Milwaukee Electric Railway Company. The complaint was served on November 18, 1913. On April 8, 1914, plaintiff caused an amended summons and complaint to be served upon J. Johnson, who was the ticket agent representing the Chicago & Milwaukee Electric Railway Company and the receivers of the Railroad Company. The title was as follows: Sarah Maxwell v. Chicago & Milwaukee Electric Railway Company, W. O. Johnson, W. Irving Osborne, D. B. Hanna, and George G. Moore, as Receivers of the Chicago & Milwaukee Electric Railway Company. Neither the receivers nor the Chicago & Milwaukee Electric Railroad Company made any appearance or in any way answered the amended summons and complaint, and in this state of the record the case was brought to trial. During the course of the trial, it being apparent that the Chicago & Milwaukee Electric Railway Company had no interest in the litigation, the case as to it was dismissed. At the close of the trial, there being a verdict in favor of the plaintiff, the trial court directed judgment notwithstanding the verdict unless plaintiff should within twenty days after service of a copy of the order elect to amend the summons and complaint and return of service as to the persons named in the amended summons and complaint and return therein as receivers of the Chicago & Milwaukee Electric

Railway Company so as to describe such persons as receivers of the Chicago & Milwaukee Electric Railroad Company, and further ordered that, if the plaintiff shall elect to so amend the process, pleadings, and return of service, the defendant shall have twenty days after service of such amendment in which to answer such amended complaint. The order was dated April 3, 1915, and on the 29th day of May, 1915, a second amended summons and complaint were served upon the Chicago & Milwaukee Electric Railway Company and upon *W. O. Johnson, W. Irving Osborne, D. B. Hanna,* and *George G. Moore* as receivers of the Chicago & Milwaukee Electric Railroad Company. The receivers appeared and answered and alleged that no notice whatever was served by or on behalf of the plaintiff upon the defendants *Johnson, Osborne, Hanna,* and *Moore,* or either of them, as receivers, within two years from the 25th day of September, 1912, being the day of the accident.

Claim is made that the defendant Railroad Company appeared upon the first trial and participated in the trial, and that by reason of such appearance it waived any defect in the summons and complaint and the return of service. We do not think it necessary to determine that question. It clearly appears that on April 8, 1914, and within two years from the happening of the accident, the first amended summons and complaint were served upon one J. Johnson, who as a ticket agent representing the receivers was a proper person upon whom to make such service. It is true that *W. O. Johnson* and his codefendants were described as receivers of the Chicago & Milwaukee Electric Railway Company. However, the allegations of the amended complaint were such that it could have no application to any other corporation than the Chicago & Milwaukee Electric Railroad Company and its receivers. The Chicago & Milwaukee Electric Railway Company was not in the hands of receivers, nor were *Johnson* and his codefendants receivers of any other company operating cars than the Chicago & Milwaukee Electric Railroad Com-

pany.   Whether or not the amended complaint was sufficient
to bring *Johnson* and his codefendants in as receivers of the
Railroad Company, it was certainly a sufficient notice of in-
jury under sec. 4222, Stats.   It conclusively appears that
*Johnson* and his codefendants were in no manner whatever
misled by the misdescription whereby the company of which
they were receivers was described as the railway company
instead of the railroad company.   We must hold, therefore,
that there was a sufficient notice and that the defendant *John-
son* and his codefendants were properly in court.

It is next contended that the verdict is against the over-
whelming weight of the evidence.   In view of the fact that
two juries have believed the testimony of the plaintiff, we
cannot say that it is unbelievable.

During the course of the trial the defendants offered the
evidence of certain police officers of the city of Milwaukee in
reference to the conduct and habits of the plaintiff as bearing
upon her credibility, a proper foundation therefor having
been laid.   In this connection the defendants offered to show
by the records of the municipal court of Milwaukee county
that plaintiff had pleaded guilty to the charge of drunkenness
and disorderly conduct.   The court admitted the testimony
of the police officers but excluded the plea.   We are agreed
that the exclusion of this evidence was clearly error.   How-
ever, the court having rendered judgment upon the verdict
only on condition that the plaintiff should remit $2,000 there-
from, thereby reducing it from $3,250 to $1,250, the justices
participating are evenly divided on the question of whether
or not the error was prejudicial.   Under these circumstances,
the other questions having been determined adversely to de-
fendants' contentions, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J., took no part.

The appellants moved for a rehearing.

In support of the motion there were briefs by *Edgar L. Wood* of Milwaukee, attorney for the appellants, and *Bull & Johnson* and *A. L. Gardner* of Chicago, of counsel.

For the respondent, in opposition to the motion, there was a brief by *A. J. Hedding* and *Rubin, Fawcett & Dutcher,* attorneys, and *Paul R. Newcomb,* of counsel, all of Milwaukee.

The motion was denied, with $25 costs, on May 15, 1917.