BAKER, Respondent, vs. TORMEY and another, imp., Appellants.

*November 11—December 6, 1932.*

628

For the appellants there was a brief by *Richmond, Jackman, Wilkie & Toebaas,* and oral argument by *Ralph W. Jackman* and *Wilmarth L. Jackman,* all of Madison.

*Herman A. Mosher* and *W. B. Rubin,* both of Milwaukee, for the respondent.

NELSON, J.  In the view we take of this case only two questions require consideration:

1. Did the court err in refusing to sustain the plea in abatement interposed by Georgia Casualty Company and in entering judgment against it?

2. Did the court err in ignoring the defense of Weston Tormey based upon sec. 330.19, Stats., and in entering judgment against him?

Although the answers which this court must make to the questions for decision will fully dispose of the appeals, we deem it wise to review briefly the facts upon which the action is based.

On April 11, 1929, at about 5:30 p. m., the plaintiff was operating a street car on a single track running along Milton

avenue in the city of Janesville. The terminal of the track was at the north city limits. The plaintiff testified that upon arriving at the terminal where a three-minute wait was ordinarily had, the plaintiff opened the north door on the east side of the car and attended to putting up the trolley on the north end of the car so as to bring it in contact with the power wire. He thereupon walked along the westerly side of the car to its south end for the purpose of pulling down the trolley on that end of the car. When he reached the southwest corner of the car he saw an automobile approaching from the south, at a distance estimated by him to be about 300 feet. He barely glanced that way and only casually observed the approaching automobile. He thereupon adjusted the trolley and walked toward the north end of the car and on the easterly side thereof. When he had gone ten to twenty feet from the south end of the car he heard the "screaming of brakes," glanced over his shoulder, and then ran diagonally toward the east curb without taking a second look. When near the curb he gave a jump but was hit by a car driven by defendant Tegt. It appeared without dispute that just prior to the accident the automobile driven by Weston Tormey was proceeding in a northerly direction; that it was approaching the street car just as the plaintiff was proceeding to the north end of the car after having adjusted the south trolley. The Tormey car slowed down and came to a stop within a few feet of the southerly end of the car. It did not touch the plaintiff or even come very near to him.

At the time the Tormey car was approaching the street car defendant Tegt was driving his car behind the Tormey car at a distance of about twenty-five or thirty feet. When the Tormey car slowed down and stopped, defendant Tegt applied his foot brakes, which were entirely ineffective due to the fact that the pin where the brake rod ran into the

equalizer was broken. Tegt thereupon pulled over toward the curb, applied his emergency brake, and attempted to run over the east curb but did not succeed in so doing. His car struck the plaintiff two or three feet back of another car which was stopped about opposite the north front door of the street car. The plaintiff was caught between the Tegt car and the parked car.

During the month of August following, one of the occupants of the Tormey car told the plaintiff that Weston Tormey was driving the Tormey car at the time of the accident and gave him the name and address of Weston Tormey's father. Thereafter the plaintiff wrote to Weston Tormey at Madison, care Dr. Tormey, St. Mary's Hospital, requesting information as to whether the car was Weston's or his father's and as to whether insurance was carried, and if so, in whose name it was carried. Thereafter action was commenced against Thomas W. Tormey, Jr., and the other defendants hereinbefore mentioned. Both the summons and the complaint list Thomas W. Tormey, Jr., as a defendant. The only person by the name of Tormey referred to in the complaint is Thomas W. Tormey, Jr. Service of the summons and complaint was made on Thomas W. Tormey, Jr., September 12, 1929, "by leaving a true copy of said summons and complaint at the usual place of abode of said Thomas W. Tormey, Jr., in the city of Madison, Dane county, Wisconsin, in the presence of Mrs. Thomas W. Tormey, who was and is one of the family of Thomas W. Tormey, Jr., to wit, his mother." Thomas W. Tormey, Jr., answered and thereby put in issue the allegations of the complaint as to negligence, speed, and the fact that Thomas W. Tormey, Jr., was operating the car. The trial of the case began on December 14, 1931, under the title of Donald H. Baker, plaintiff, v. Thomas W. Tormey, Jr., and Arthur Tegt. Three witnesses were first examined, after which.

Thomas W. Tormey, Jr., was called adversely. It then appeared without question that he was not the driver of the automobile which was claimed to have been involved in the accident, but that his younger brother Weston was in fact the driver thereof. The plaintiff thereupon moved that the complaint be amended by substituting Weston Tormey for Thomas W. Tormey, Jr. This motion was granted as hereinbefore recited.

1. Did the court err in refusing to sustain the plea in abatement interposed by defendant Georgia Casualty Company? The "no-action clause" contained in the policy was identical with "no-action clauses" repeatedly held by this court to be valid and effective. *Morgan v. Hunt,* 196 Wis. 298, 220 N. W. 224; *Bergstein v. Popkin,* 202 Wis. 625, 233 N. W. 572; *Pawlowski v. Eskofski, ante,* p. 189, 244 N. W. 611.

Under the established law it was the duty of the trial court to sustain the plea in abatement.

2. Did the court err in ignoring the defense of Weston Tormey based upon sec. 330.19? This section, among other things, provides:

"No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation. Such notice shall be given in the manner required for the service of summons in courts of record."

No notice of injury was ever served on Weston Tormey nor was any summons or complaint served on him. More than two years had run between the time of the accident on

April 11, 1929, and December 14, 1931, when the court allowed the summons and complaint to be amended and thereby made Weston Tormey a party defendant.

That a court has the right, pursuant to sec. 269.44, upon the trial of an action, to add or strike out the name of a party or to correct a mistake in the name of a party, is free from doubt. The plaintiff contends that all the court did was to correct a mistake in the name of a party. With this contention we cannot agree. While it was no doubt intended by both the plaintiff and his attorneys to join as defendant the person who was driving the Tormey car at the time of the accident, such intention was clearly not accomplished. As before stated, the summons and complaint named Thomas W. Tormey, Jr., as a defendant. The service was made on Thomas W. Tormey, Jr., by serving the summons and complaint upon his mother at his usual place of abode. Thomas W. Tormey, Jr., was an individual separate and distinct from his brother Weston Tormey. At the time the action was commenced the plaintiff knew that Weston Tormey was the driver of the car of which he complained. No attempt was made to start the action against some Tormey of whose name the plaintiff was actually ignorant. Sec. 260.21. There is absolutely nothing in the summons even remotely suggesting that the name of Thomas W. Tormey, Jr., was fictitious or indicating that the person intended to be sued was one other than Thomas W. Tormey, Jr. The plaintiff argues that since the summons and complaint herein were served by substituted service at the common place of abode of both Thomas W. Tormey, Jr., and Weston Tormey, even though Weston Tormey's name was not mentioned in any of the papers served or in the return of service, it should or may be held to be a service upon Weston Tormey. We cannot so hold. Thomas W. Tormey, Jr., and Weston Tormey were distinct individuals and service of a summons

and complaint addressed to the one, correctly naming him, cannot be considered as a service upon another, bearing a different name, although both happened to be members of the same family. Had service been made personally upon Thomas W. Tormey, Jr., no one could assert that such service was good as to his brother Weston Tormey. We do not think that a substituted service can be more extensive or of greater scope than a personal service. It must be held, therefore, that Weston Tormey did not become a party to the action until December 14, 1931, more than two years after the injury complained of and without having theretofore been served with a notice of injury pursuant to the statute. The law applicable to such a situation is so well established as to leave no doubt as to what must be held here. The institution of an action against one person by the service of a summons and complaint in a cause of action existing against another, does not arrest the running of the statute of limitations with respect to an action against the latter. *Uhlenberg v. Milwaukee Gas Light Co.* 138 Wis. 148, 119 N. W. 810; *Roth v. Scruggs,* 214 Ala. 32, 106 South. 182; *Sibley v. Bowen,* 222 Ala. 13, 130 South. 547; *Anderson v. Atchison, T. & S. F. R. Co.* 71 Kan. 453, 80 Pac. 946; *Shaw v. Cock,* 78 N. Y. 194; *Peterson v. Delaware R. F. Co.* 190 Pa. St. 364, 42 Atl. 955; *Coyne v. Lakeside E. R. Co.* 227 Pa. St. 496, 76 Atl. 224; *Proctor v. Wells Bros. Co.* 262 Ill. 77, 104 N. E. 186; *Mumma v. Mumma,* 246 Pa. St. 407, 92 Atl. 504; *Fishell v. Evans,* 193 N. C. 660, 137 S. E. 865.

In *Roth v. Scruggs,* 214 Ala. 32, 106 South. 182, 184, 185, a case involving facts quite similar to those in the case at bar, that court, in speaking of a section of the Alabama Code quite similar to ours, which permits a person whose name is unknown or whose identity is unknown to be sued by a fictitious name, said:

"We are clear it does not apply to a case where the plaintiff, by mistake, sues the wrong party, brings him into court,

and, finding he has the wrong party, seeks to substitute another and different party. With all our liberal rules of pleading intended to promote justice, our statutes have not authorized an entire change of parties in the course of suit. A suit may not be begun against one person and wind up with a judgment solely against a different person, unless he waives the change of parties. When the wrong person is sued, he is due to go out of court, and the new party is entitled to have the suit date from the time he is sued."

As to the running of the statute of limitations, the opinion states:

"As against a party added by amendment, the statute of limitations continues to run until the amendment is filed making him a party to the suit. A suit against one person cannot stop the running of the statute against another."

There is no escape from the fact that, at the time Weston Tormey was made a party defendant on December 14, 1931, more than two years had run since the date of the accident without notice of injury having been served upon him. The amendment to the answer of Thomas W. Tormey, Jr., which was permitted to stand as the answer of Weston Tormey pleaded the statute of limitations. In that situation his motion to direct a verdict in his favor should have been granted.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint as to the defendants Weston Tormey and Georgia Casualty Company.