LONDO, Respondent, vs. INTEGRITY MUTUAL INSURANCE COMPANY, Appellant.

*September 10—October 22, 1946.*

For the appellant there was a brief by *Edward J. Byrne* and *Robert L. Spanagel,* both of Appleton, and oral argument by *Mr. Byrne.*

*Edward G. Minor* of Sturgeon Bay, for the respondent.

FOWLER, J. The action is to recover from the defendant Insurance Company the loss sustained by the plaintiff caused by a windstorm. From the record it appears without dispute

that the plaintiff applied to an agent of the defendant company for windstorm insurance on a barn in process of construction on premises owned by him, and signed a written application. The application was made and signed on Saturday, May 19, 1945. It contained a recital that the insurance was to take effect at noon of that day. The application was mailed by the agent to the company late in the afternoon of May 22d, and received by the company on May 23d. The building was blown down by a windstorm at 11 o'clock on May 22d. On May 22d, the agent informed the secretary of the company by telephone that the building had been blown down on that day, and that he had told the plaintiff at the time he signed the application that the insurance was to become effective at noon that day. On May 23d the secretary of the company indorsed the application as rejected, and by letter of that date informed the plaintiff of its rejection. The closing sentence of the written application reads as follows:

"I agree that this insurance shall not take effect until the application is approved by the secretary and a policy issued thereon and I also agree that the company shall not be bound by any act done or statement made by or to any agent or other person which is not contained in this my application."

The application contained nothing as to any acts done or statements made by any agent of the company or any other person.

The defendant moved for a summary judgment and attached to its motion papers what is alleged in the motion papers to be a correct copy of the application, and there is no denial of this allegation by the affidavits of the plaintiff submitted in opposition to the motion. The court denied the application. The defendant appeals from the order.

The ground of the court's denial of a summary judgment was, in substance, that the powers of the agent of the company who took the application were in dispute under the affidavits presented by the plaintiff; and that these affidavits tended to

show that it was the practice of the company to date its policies the date of the application and under the common practice of the defendant and other companies issuing storm insurance policies their policies became effective from the date of the application.

We are of opinion that the court should have entered a summary judgment of dismissal upon the provision of the application for insurance above quoted, regardless of the dispute as to the facts respecting the matters on which the court based its denial. When undisputed documents submitted in support of a motion for a summary judgment show that the movant is entitled to the judgment demanded, the court must grant the motion, whatever other facts may be in dispute under the record. The terms of the statute were in all respects complied with by the movant. See sec. 270.635, Stats.

That the court should have entered such judgment is established by the case of *Chamberlain v. Prudential Ins. Co.* (1901) 109 Wis. 4, 7, 85 N. W. 128. That case has never been overruled. In that case, as here, it was contended that the application for insurance became effective at the time it was made on the statement of the agent who took the application that the insurance applied for became so effective. There is no material difference between the cases. In that case life insurance was applied for and the insured died before the application was rejected; here the insurance applied for was windstorm insurance and the loss occurred before the application was rejected. The application there contained a provision of like effect with the quoted provisions here. There a receipt was given incorporating the provision of the application, but the receipt added nothing to the force of the provision of the application. There, as here, no fraud was involved. There "the most that was claimed was that Chamberlain did not read either the application or the receipt, and that the agent said that the insurance would go into effect at once." That is all that can be claimed here,

although the application here states that the insurance shall go into effect at noon of the date of the application which adds nothing to the agent's statement that the insurance requested was in force. The contract there made was "that, if the company accepted the application and issued a policy thereon, Chamberlain was to be insured." The instant contract was that the plaintiff was to be insured on the same condition.

The plaintiff bases his claim for recovery on the proposition that the agent from whom he solicited the insurance was not a mere soliciting agent but was a general agent with power to agree for the company that the insurance applied for should be effective from the time of the signing of the application. But the agent involved in the *Chamberlain Case, supra,* was claimed to have the same power, and recovery was denied irrespective of that claim because of the provision of the application there involved, which we get from the printed case in that case on file in the state law library, reading as follows:

"I further agree that no obligation shall exist against said company on account of this application, although I may have paid premiums thereon, unless said company shall issue a policy in pursuance thereof, and the same is delivered to me."

Recovery was there denied because no policy was issued to the applicant. So here. . Besides, in the instant case, even if the agent to whom the application was made had power to bind the company by his acts or representations these were not to be effective unless they were "contained in the application" and none was so contained.

*By the Court.*—The order of the county court is reversed, and the cause is remanded with directions to the trial court to enter judgment as demanded in the motion for summary judgment.