AUSEN, Appellant, vs. MORIARTY and others, Copartners, Respondents.

*November 8—December 7, 1954.*

168

For the appellant there were briefs by *Antaramian & Antaramian,* attorneys, and *V. J. Lucareli* of counsel, all of Kenosha, and oral argument by *Mr. Richard B. Antaramian* and *Mr. Lucareli.*

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* and *Kurt H. Frauen* of counsel, all of Milwaukee, and oral argument by *Mr. Frauen.*

STEINLE, J.   The principal question presented for determination is whether sec. 330.19 (5), Stats. 1949, was complied with as against the defendant partners in doing business as Moriarty Manufacturing Company, a copartnership, by the delivery of the summons and complaint naming Moriarty Manufacturing Company, a corporation (actually nonexistent) as defendant, and making claim for personal injuries against the corporation, the delivery being made to a person who was in fact a member of the partnership and who was served as an officer of the named corporate defendant, said summons and complaint having been delivered within two years from the date of injury, and an amended summons and complaint (without motion or order for leave to amend) having been served on all of the defendants as members of the partnership almost twenty-nine months later.

The statute involved is as follows:

Sec. 330.19 (5), Stats. 1949. "[To be commenced within six years.] An action to recover damages for . . . an injury to the person, . . . No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent, or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation. Such notice shall be given in the manner required for the service of summons in courts of record. No such notice shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating the description of the injuries, the manner in which they were received or the grounds on which the claim is made, provided it shall appear that there was no intention on the part of the person giving the notice to mislead the other party and that such party was not in fact misled thereby; . . . When an action shall be brought and a complaint actually served within two years after the happening of the event causing such damages, the notice herein provided for need not be served."

The statute provides that service of a notice as a condition precedent to the enforcement of a cause of action for personal injuries may be dispensed with where the action is brought and the complaint is actually served within two years from the happening of the event resulting in the damages. While appellant concedes that a notice as specified in the statutes was not served within two years from the date of the alleged injuries and damages, he contends that a cause of action against the partners was sufficiently stated in the complaint served on December 27, 1950, and that the service of the summons and complaint upon one partner bound and charged such partner and the others with notice of the claim.

Under common-law practice and in the absence of any statutory authority to the contrary, it is necessary in actions

on partnership obligations that all members of the partnership within the jurisdiction of the court be individually served with process. 40 Am. Jur., Partnership, p. 434, sec. 437. In this state there is no statute which provides that in a tort action against the members of a partnership as such, service of process upon one of the partners shall be sufficient service upon all, nor do our statutes authorize suit against a partnership as an entity.

In *Stangarone v. Jacobs* (1925), 188 Wis. 20, 205 N. W. 318, the plaintiff started an action for damages arising out of personal injuries against Peter Jacobs & Company, alleging that it was a corporation. Actually it was a copartnership with Theodore Jacobs and Peter Jacobs as the partners. Summons and complaint were served on Theodore Jacobs, an individual, and were not served on Peter Jacobs. Peter Jacobs was not present at the trial and at no time made any appearance in the action. Theodore Jacobs filed an answer to the complaint specifically denying the corporate existence of the company. Upon the trial the title of the action was amended upon motion of plaintiff and by order of the court, so that Theodore and Peter Jacobs were named copartners of the company which then was designated as a partnership. The complaint was not amended. Judgment was rendered against both parties. In reversing the judgment this court held that the nature of a partner's liability is joint and several; that our statutes do not authorize suit against a partnership as an entity; and that the plaintiff could not have judgment against a defendant not served.

In the case at bar no claim was asserted in the complaint of December 27, 1950, against Benedict E. Moriarty, the individual served, nor against any of the other partners. The asserted claim was against a nonexistent corporation. On December 27, 1950, Benedict E. Moriarty was not an officer

of a corporation of identical name as the partnership, nor was he served in capacity of a partner.

We consider that the delivery of the summons on December 27, 1950, was not a service of process under which the court obtained jurisdiction of the person of the partners.

Amendments of processes and pleadings are permitted under sec. 269.44, Stats., but at no time was application made by the plaintiff for amendment of the summons of December 27, 1950; nor was amendment ordered by the court as provided by statute. No appearance was made in response to said summons and complaint. No application for default judgment was attempted. On May 22, 1953, summons and complaint were served on the defendant partners. Said summons and complaint were denominated as "amended" summons and complaint. Valid amendment of the summons and complaint of December 27, 1950, was not effectuated thereby.

In *Maxwell v. Johnson* (1917), 165 Wis. 462, 161 N. W. 736, amendment was permitted as to the change of a name from Chicago & Milwaukee Electric *Railway* Company to Chicago & Milwaukee Electric *Railroad* Company. Service had been secured upon a proper representative of the *Railroad Company*. It was held that the misdescription was not misleading and that the complaint was a sufficient notice of injury to the *Railroad Company*.

In a situation as here it appears that if the effect of the amendment is to correct the name under which the right party is sued, it will be allowed. However, if it is to bring in a new party, it will be refused. *Girardi v. Laquin Lumber Co.* (1911), 232 Pa. 1, 81 Atl. 63. Obviously the attempt by the plaintiff in the present matter was to bring in a new party.

In their motion for summary judgment defendants asserted that not only had no action been commenced against them by the plaintiff within two years of the time of injury, but that no notice of injury had been served upon them within

such period as provided in sec. 330.19 (5), Stats. 1949. This contention presents the question as to whether the delivery of the summons and complaint on December 27, 1950, constituted a valid service of notice of injury upon the partners. The statute specifies that the notice shall be served upon the person or corporation by whom it is claimed the damage was caused. Plaintiff submits that the service of the summons and complaint upon Benedict E. Moriarty, who was in fact a partner, but not served in such capacity, was a sufficient notice to the partners of the claim of the plaintiff and that by means of such service substantial compliance with the statutory provision regarding notice of injury was effectuated. Appellant cites a long line of cases in which this court has held that the notice is sufficient if it complies substantially with the statutory requirements. It is true that sufficiency of the notice has frequently been upheld in this jurisdiction. Amongst some of the more recent cases so holding are: *Spote v. Aliota* (1949), 254 Wis. 403, 37 N. W. (2d) 31; *Budke v. Holvick* (1949), 255 Wis. 293, 38 N. W. (2d) 479; *Ullman v. Freye* (1953), 263 Wis. 199, 56 N. W. (2d) 821.

However, it has not been held that there can be any substitute service for a proper service of a notice of injury. In *Uhlenberg v. Milwaukee Gas Light Co.* (1909), 138 Wis. 148, 151, 119 N. W. 810, it was said: "The statute declares that error or inaccuracy in stating certain things required to be stated in the notice shall not render it insufficient if there was no intention to mislead and the party from whom damages are claimed is not in fact misled. Such provision, however, does not extend to the requirement that the notice must be served upon the party from whom damages are claimed and must state that satisfaction for such damages is claimed of such party. The fact that the statute has provided that certain requirements thereof are not essential to

the validity of the notice, where no one is misled and there was no intent to mislead, would indicate that its other provisions must be substantially complied with."

In *Ullman v. Freye, supra,* it was said (p. 205) : "Where no notice has been served and no attempt has been made to comply with the statutory provisions governing the giving of such notice, knowledge of the facts by the defendant from other sources is not a compliance with the statute. The court has not permitted substitution for the notice."

*Caskey v. Peterson* (1936), 220 Wis. 690, 263 N. W. 658, held that an attempted substituted service made on a father of an emancipated minor, who at the time was working on a farm away from his father's home, was ineffectual to confer jurisdiction of the minor, since the service was not made at the minor's usual place of abode, which at the time was the farm home at which he was working. It was also held that service on the plaintiff's attorneys of notice of retainer and appearance by an attorney for the minor defendant, who at the time had no guardian *ad litem* or general guardian, did not waive an ineffective service of the summons made on the father of such defendant nor give the court jurisdiction of such defendant.

In *Baker v. Tormey* (1932), 209 Wis. 627, 245 N. W. 652, it appears that the plaintiff was struck by an automobile driven by Weston Tormey. A summons and complaint directed against Thomas Tormey, a brother of Weston, was served upon the mother of both boys. The mother was a proper person for service upon either one of the brothers, since both were living at the home of the mother. It was held that substituted service cannot be more extensive in scope than personal service and that the substituted service of the summons and complaint addressed to one person, correctly naming him, could not be considered as a service upon an-

other bearing a different name, although both had a common place of abode and were members of the same family.

In *Ylen v. Mutual Service Casualty Ins. Co.* (1953), 263 Wis. 270, 57 N. W. (2d) 391, this court ruled that the service of a notice of injury on the insurer and not on the person by whom it is claimed the damages were caused, was not sufficient compliance with the requirements of the statutes.

*Oldenburg v. Hartford Accident & Indemnity Co.* (1954), 266 Wis. 68, 62 N. W. (2d) 574, holds that the notice of claim for injury is not a legal process and that it cannot be effectively served on the commissioner of the state motor vehicle department as the attorney for a nonresident operator of a motor vehicle.

We are constrained to determine that the service of the summons and complaint on December 27, 1950, did not constitute the service of a notice of injury upon the defendant partners in conformity with the provisions of sec. 330.19 (5), Stats. 1949. Since the plaintiff had neither served a notice of injury upon the defendant partners within two years from the date of the alleged injury or commenced an action against the partners in that period, he is, or course, precluded from recovering under any cause of action alleged in the process and pleading served on May 22, 1953.

The giving of the notice is a material thing. It is made a condition precedent to the maintenance of an action to recover damages. It is not a condition of the existence of a cause of action but one of limitation upon opportunity to judicially enforce an existing such cause. While not a statute of limitation, in the technical sense, it is so near akin thereto as to be classed therewith and called a " 'statute in the nature of a statute of limitation.' " *Maurer v. Northwestern Iron Co.* (1912), 151 Wis. 172, 173, 138 N. W. 636.

The trial court did not base its judgment upon the fact that there was a defect of parties. It determined that no proper action had been commenced against the parties, and that no notice of injury had been served upon the parties within the two-year period provided by statute.

The appellant on this appeal argues that a claim of defect of parties was made by the defendants and that such may be challenged only by demurrer or answer. Respondents have made no claim that a defect of parties existed.

The summary-judgment procedure provided by sec. 270.635, Stats., is not calculated to supplant the demurrer. A summary judgment should be granted only when it is perfectly plain that there is no substantial issue to be tried. *Batson v. Nichols* (1951), 258 Wis. 356, 46 N. W. (2d) 192. Respondents contend that a demurrer would not have been proper here since the face of the complaint does not indicate that notice of injury had not been served within the two-year period. They also maintain that had they interposed an answer on the merits they may well have waived their second challenge, to wit, the fact that the complaint does not state a cause of action.

The effect of the failure either to serve a summons and complaint or serve a notice of injury within two years as provided in sec. 330.19 (5), Stats. 1949, is to bar any claim for the injuries thereafter. In *Voss v. Tittel* (1935), 219 Wis. 175, 262 N. W. 579, the defendant answered the complaint by way of plea in bar. Such procedure was sustained. In *McKenzie v. Clear Lake Union F. H. S. Dist.* (1948), 252 Wis. 327, 31 N. W. (2d) 526, this court held that defenses in abatement of an action may be raised by motion for summary judgment. In *Londo v. Integrity Mut. Ins. Co.* (1946), 249 Wis. 281, 284, 24 N. W. (2d) 628, it was said: "When undisputed documents submitted in support of a motion for a summary judgment show that the movant

is entitled to the judgment demanded, the court must grant the motion, whatever other facts may be in dispute under the record." Here, as in *Londo v. Integrity Mut. Ins. Co., supra,* the terms of the summary-judgment statute were in all respects complied with by the movant. Having failed to comply with the statutory requirements of sec. 330.19 (5), Stats. 1949, the plaintiff was barred from proceeding with the prosecution of his action after two years had expired from the date of injury. Trial of other issues would have been useless. No valid judgment could thereafter be entered upon his alleged cause of action.

*Maurer v. Northwestern Iron Co., supra,* held that proper raising of an issue with respect to notice of injury as provided by statute, is by demurrer or answer. However, there the question of waiver was involved. A notice of injury had been improperly served on the defendant. An agent of the defendant notified the plaintiff that further notice of injury was not necessary. Obviously, the claimed waiver raised a substantial issue. No such situation appears here with reference to the summons and complaint served one day previous to the expiration of the two-year statutory period. In the present matter a special appearance was interposed to the summons and complaint served on May 22, 1953. The special appearance was notice to the plaintiff of the defendants' position. The situation is clearly distinguishable from that in *Radant v. Werheim Mfg. Co.* (1900), 106 Wis. 600, 82 N. W. 562, where a defense of defect of parties, raised for the first time on the trial on merits, was deemed to have been waived for failure to have been taken advantage of by demurrer or answer.

Appellant contends that the motion for summary judgment constituted a general appearance and effectuated a waiver of defect of the summons and complaint served on December 27, 1950. Having already determined herein that said process

and pleading was a nullity as to the defendants, and that the summons and complaint of May 22, 1953, was ineffectual as an amendment of the earlier summons and complaint served by the plaintiff, it is considered that the motion for summary judgment is a general appearance only as to the action commenced on May 22, 1953, and in effect has the force of a plea in bar.

Since there was no compliance with sec. 330.19 (5), Stats. 1949, either with respect to the service of a summons and complaint or the delivery of a notice of injury, the plaintiff is barred from enforcing any alleged cause of action set forth in the complaint served on May 22, 1953. We deem it unnecessary to review the contention of respondents that the complaint failed to state a cause of action. We consider that the learned trial court properly granted the motion for summary judgment.

*By the Court.*—Judgment affirmed.