STATE of Wisconsin, Plaintiff-Appellant,

v.

ONE 1973 CADILLAC, 4-Door, License Unknown,
I.D. #6D49R3Q203318, Its Tools and Appurtenances,
Defendant-Respondent. [Case No. 79–930.]

STATE of Wisconsin, Plaintiff-Appellant,

v.

ONE 1979 CHRYSLER, 4-Door, I.D. #TP42K9A116908,
License UT 2357, Its Tools and Appurtenances,
Defendant-Respondent. [Case No. 79–931.]

STATE of Wisconsin, Plaintiff-Appellant,

v.

ONE 1975 DODGE VAN, License B. 60529, I.D.
#B11AB5V001064, Its Tools and Appurtenances,
Defendant-Respondent. [Case No. 79–932.]

STATE of Wisconsin, Plaintiff-Appellant,

v.

ONE 1979 MERCURY COUGAR, I.D. #9H93H608006,
Its Tools and Appurtenances, Richard A. Niemczynski,
Defendants-Respondents. [Case No. 79–999.]

Court of Appeals

*Nos. 79–930, 79–931, 79–932, 79–999. Submitted on briefs January
21, 1980.—Decided March 21, 1980.*
(Also reported in 291 N.W.2d 626.)

For the plaintiff-appellant, the cause was submitted on the brief of *Robert G. Ott,* principal assistant corporation counsel for Milwaukee County.

For the defendant-respondent 1973 Cadillac, a brief was submitted by *Dennis P. Coffey* and *Coffey & Coffey,* of Milwaukee.

For the defendant-respondent 1979 Mercury Cougar, a brief was submitted by *Philip L. Atinsky* and *Atinsky, Kahn, Sicula & Teper.*

Before Decker, C.J., Moser, P.J., and Cannon, J.

DECKER, C.J. This case presents the question: can a forfeiture action under secs. 161.55(1) (d) and 161.555,

Stats.,[1] be brought against an automobile as the sole "defendant"? We hold that it cannot.

In each of the four cases consolidated on appeal, the state seized a vehicle in connection with a drug arrest. Forfeiture actions naming the vehicle as the sole defendant[2] were commenced by filing a summons, complaint, and affidavit with the clerk of court and by personally serving such papers upon the persons from whom the vehicles were seized, who were also the apparent owners

[1] Sec. 161.55(1)(d), Stats., provides:

(1) The following are subject to forfeiture:

. . . .

(d) All vehicles, as defined in s. 939.22(44), which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in pars. (a) and (b) . . . .

Sec. 161.555, Stats., provides:

(1) *TYPE OF ACTION; WHERE BROUGHT.* An action brought to cause the forfeiture of any property seized under s. 161.55 is an action in rem. The circuit court for the county in which the property was seized shall have exclusive jurisdiction over any proceedings regarding the property.

(2) *COMMENCEMENT.* (a) The district attorney of the county within which the property was seized shall commence the forfeiture action within 15 days after the seizure of the property. The action shall be commenced by filing a summons, complaint and affidavit of the person who seized the property with the clerk of circuit court and by serving authenticated copies of such papers upon the person from whom the property was seized and upon any person known to have a security interest in the property. Service shall be made in accordance with ch. 801.

(b) Upon service of an answer, the action shall be set for hearing within 60 days of the service of the answer.

(3) *BURDEN OF PROOF.* The state shall have the burden of satisfying or convincing to a reasonable certainty by the greater weight of the credible evidence that the property is subject to forfeiture under s. 161.55.

[2] Although the title of case no. 79–999 includes the name of Richard A. Niemczynski as a defendant, the original action named only the vehicle as a defendant. The trial court held that the attempted amendment in that case was invalid.

of the vehicles. All four actions were dismissed by the respective trial courts on the ground that an automobile could not be named as the sole defendant under sec. 161.555, Stats.

Initially it is necessary to determine whether Title XLII-A, Civil Procedure, is applicable to forfeiture actions under sec. 161.555, Stats. Section 801.01(2) provides that "chs. 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions . . . except where different procedure is prescribed by statute or rule." Section 161.555 provides in general terms that: forfeiture actions are *in rem;* there shall be a summons, complaint, and affidavit; service shall be made in accordance with ch. 801; and there shall be an answer. The statute is specific with respect to the time limitations for commencement of the forfeiture action and setting of a hearing, the manner of commencement and the burden of proof. Section 161.555, Stats., does not address the question of whether an action can be brought against an inanimate object. The statute thus does not prescribe a procedure different from Title XLII-A. We find nothing in the general provisions of sec. 161.555 inconsistent with the Civil Procedure Code. We believe it appropriate to refer to ch. 801 to resolve the issue here presented.

Section 161.555, Stats., provides that a forfeiture action is *in rem.* Actions *in rem* are covered more specifically by ch. 801. Section 801.07 provides, *inter alia,* that: "[a] judgment *in rem* . . . may affect the interests of a defendant in the status, property or thing acted upon only if a summons has been served upon the defendant pursuant to s. 801.12." Although this statute does not expressly state that an *in rem* action cannot be brought against an automobile, it does require that *in rem* actions have a "defendant." The logical inference in this case is that actions *in rem* must be commenced against a person who has an interest in the property. Indeed, sec. 801.03

(3) expressly provides that a defendant must be a "person" as defined in sec. 801.03 (1).[3]

Section 161.555 (2), Stats., requires that "[s]ervice shall be made in accordance with ch. 801." Under sec. 801.12 (1), "[a] court . . . exercising jurisdiction in rem . . . may affect the interests of a defendant in such action only if a summons and . . . complaint . . . have been served upon the defendant as follows: (a) If the defendant is known, defendant may be served in the manner prescribed for service of a summons in s. 801.11 . . . ." Read together, these provisions clearly imply that the persons upon whom service is to be effected under sec. 161.555 (2) are to be named as defendants in forfeiture actions.

Section 161.555 (2), Stats., also provides for service of a "summons." The word "summons" is not defined in ch. 161. Thus, we again resort to ch. 801. Section 801.09 delineates the requirements of a summons. A summons must contain "the names of the parties to the action, plaintiff and defendant" and "[a] direction to the defendant summoning and requiring defendant to serve [an answer] upon the plaintiff's attorney . . . ." Section 801.09 makes clear that a summons is served upon a "defendant." It follows that the persons upon whom a summons is served under sec. 161.555 (2) are "defendants" and must be named in the complaint.

Plaintiff cites *State v. I, A Woman—Part II,* 53 Wis.2d 102, 191 N.W.2d 897 (1971) as authority for commencing

[3] Sec. 801.03 (1), Stats., provides that a " '[p]erson' means any natural person, partnership, association, and body politic and corporate." Clearly, an automobile does not fall within any of these categories. Sec. 801.02 (2) provides that a defendant must be named in the summons and complaint to commence an action against a defendant and also requires service of an authenticated copy of the summons and complaint. The time limit prescribed in this section is different from the period prescribed by sec. 161.555 and thus the latter time limitation is applicable.

the actions by naming the vehicles as sole defendants. That case is clearly distinguishable. *I, A Woman* involved an action under sec. 269.565, Stats., now sec. 806.05, which specifically provides for declaratory judgments against obscene materials. As did sec. 269.565, sec. 806.05(1) permits the filing of a complaint "directed against such matter by name." Unlike sec. 161.555(2), sec. 806.05 specifically addresses the issue with which we are presented and thus is not governed by ch. 801. Moreover, the absence of such specific language in sec. 161.555 indicates to us that in those forfeiture actions the legislature intended no exception to the general rule that actions must be brought against defendants who are persons as defined in sec. 801.03(1). Had the legislature intended that forfeiture actions could be brought against an automobile by name, it would no doubt have clearly stated so in the statute, just as it did in sec. 806.05.

We hold, then, that the four actions were properly dismissed by the respective trial courts. However, we believe that the state should be permitted to amend the complaints to name the individual owners[4] of the automobiles as defendants. In case No. 79-999, the state filed an amended summons and complaint but the trial court, apparently overlooking sec. 802.09(3), Stats., refused to allow the amendment on the ground that the action was not properly commenced within the 15-day limitation period provided in sec. 161.555(2). This holding is reversed. Although the state made no effort to amend the pleadings in the other three actions, we believe it should be permitted to do so on remand if so requested.

Section 802.09(1), Stats., allows the amendment of pleadings "once as a matter of course at any time within 6 months after the summons and complaint are filed or within the time set in a scheduling order under s. 802.-

---

[4] These cases do not involve the interests of secured creditors.

10." Section 802.09(3) permits relation back of amendments provided certain requirements are met:

(3) RELATION BACK OF AMENDMENTS.
If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against such party, the party to be brought in by amendment has received such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party.

The foregoing rule was adopted by the Wisconsin Supreme Court, effective January 1, 1976,[5] as a part of the Wisconsin Rules of Civil Procedure. The specific subsection overturned the rule of *Meinshausen v. A. Gettlemen Brewing Co.*, 133 Wis. 95, 113 N.W. 408 (1907) that an amendment to a complaint introducing a different cause of action did not relate back[6] to the commencement of the action and did not avoid the bar of the statute of limitations which had run on the newly-stated cause of action. Section 802.09(3), Stats., also overturned the rule of *Baker v. Tormey*, 209 Wis. 627, 245 N.W. 652 (1932) that a proper defendant could not be substituted for an improper defendant by amendment of the complaint if the statute of limitations had run.

Section 802.09(3), Stats., is identical to Federal Rule of Civil Procedure 15(c).

[5] The statute was subsequently amended in a manner irrelevant to issues in this case.

[6] For a brief general history of the "relation back" theory of amendments to pleadings, *see* 6 Wright & Miller, *Federal Practice and Procedure: Civil* §1471.

The rule deals with the relation back of permissible amendments and thus it is directly related to statutes of limitation. The relation back theory of this rule involves both amendments concerning the pleadings and amendments concerning parties to the action.[7]

Wright and Miller observe that F.R.C.P. 15(c) :

is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading.[8]

We approach this issue in the context of "changing a party" rather than correcting a misnomer because we believe the facts of this case fulfill the party changing standards.[9] The distinction between changing a party and adding a party is discussed later in this opinion.

Relation back of amendments "changing" a party was explicitly approved by the second sentence of sec. 802.09 (3).[10] The standards for determining whether the amendment relates back to the date of the filing of the original pleading are specified.

In the instant case, all of the standards and requirements of sec. 802.09(3), Stats., appear to have been met.[11] Certainly there can be no question that the claim

[7] Clausen and Lowe, *The New Wisconsin Rules of Civil Procedure, Chapters 801–803,* 59 Marq. L. Rev. 1, 64 (1976).

[8] 6 Wright & Miller, *Federal Practice and Procedure: Civil* §1496, pp. 482–83.

[9] *See* Haworth, *Changing Defendants In Private Civil Actions Under Federal Rule 15(c)—An Ancient Problem Lingers On,* 1975 Wis. L. Rev. 552, 553–63.

[10] The second sentence was added to F.R.C.P. 15(c) by amendment in 1966. *See* Haworth, *supra* note 9 at 555.

[11] 3 *Moore's Federal Practice* §15.15(3); Note, *Federal Rule of Civil Procedure 15(c): Relation Back of Amendments,* 57 Minn. L. Rev. 83, 96–120 (1972).

asserted, forfeiture of the vehicle, arose out of the conduct, transaction or occurrence set forth in the original pleading. The claims in both the original and amended complaints would be identical. Only the designation of the defendant would be changed. Second, in each of the actions the party to be brought in by amendment (the owners) had actual notice, within fifteen days after the seizure of the automobile, of the institution of the original action and the claim for forfeiture of the vehicle. As all of the owners received personal service, it is difficult to see how any of them could be "prejudiced in maintaining a defense on the merits . . . ." The subsection of the statute which we address as well as other sections of the Wisconsin Rules of Procedure adopt functional concepts of underlying conduct, transaction, or occurrence that provides the factual background of the dispute and notice thereof, rather than rigid theories or forms. Finally, since each owner did, in fact, file an answer, it is beyond doubt that each "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party."

We read the provisions of sec. 802.09(3), Stats., relating to changing the party against whom a claim is asserted in an expansive manner. As one commentator notes:

The phrase "changing the party" can be read in four different ways: (1) substitution of a new defendant for the present defendant, (2) addition of a defendant, (3) changing the stated capacity of the defendant and (4) changing a misdescription or misnaming (misnomer) of the defendant.[12]

Nonetheless it seems clear to us that the Advisory Committee amendment proposed in 1964 and adopted in 1966

---

[12] 57 Minn. L. Rev. at 106.

intended that Rule 15(c) be applicable to all four of the different readings,[13] including adding a defendant where, as in this case, the standards for applying the statute are met.[14]

*By the Court.*—Case No. 79–999 is affirmed in part, reversed in part, and remanded for proceedings not inconsistent with this opinion. Cases 79–930, 79–931, and 79–932 are affirmed and remanded for proceedings not inconsistent with this opinion.

---

[13] 3 *Moore's Federal Practice* §15.15[4.–2], p. 15–231, n. 17 (2d ed. 1979). *See e.g. Schlumpf v. Yellick*, No. 77–335 (S. Ct. slip. op. 1980), where the Wisconsin Supreme Court held that an amended complaint which named an additional defendant related back to the original filing as to defendants who were named in the original complaint and served, in this case with the amended rather than the original complaint, within 60 days of the original filing.

[14] 3 *Moore's Federal Practice* §15.15[4.–2], p. 15–224.