Rosella M. GROOM, Individually and as Special Administrator of the Estate of Donald F. Groom, Plaintiff-Appellant,†

v.

The PROFESSIONALS INSURANCE CO., a foreign insurance corporation, The Medical Protective Co., a foreign insurance corporation, Defendants-Respondents,

Wayne E. MUSSER, Jr., M.D., Defendant,

Phillip E. NEWMAN, M.D., Defendant-Respondent,

WISCONSIN HOSPITAL ASSOCIATION OPTIONAL SEGREGATED ACCOUNT, MERITER HOSPITAL, INC., f/n/a Madison General Hospital Association, a Wisconsin Corporation, ABC Insurance Co., the fictitious name of an unknown insurance corporation, Defendants,

PHYSICIANS PLUS MEDICAL GROUP, S.C., d/b/a Quisling Clinic, S.C., a Wisconsin Service Corporation, Wisconsin Patients Compensation Fund, Defendants-Respondents,

PHYSICIANS PLUS INSURANCE CORPORATION, a Wisconsin health maintenance organization, Defendant.

Court of Appeals

*No. 92–1043. Submitted on briefs January 5, 1993.—Decided September 9, 1993.*

(Also reported in 507 N.W.2d 121.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the brief of *Raymond E. Schrank, II* and *Jeffrey R. Munson* of *Cannon & Dunphy, S.C.* of Milwaukee.

For the defendants-respondents, Phillip Newman, M.D., The Professionals Insurance Company, and Wisconsin Patients Compensation Fund, the cause was submitted on the brief of *Bradway A. Liddle, Jr.* and

*Catherine M. Rottier* of *Boardman, Suhr, Curry & Field* of Madison.

For the defendants-respondents, Physicians Plus Medical Group, S.C. d/b/a Quisling Clinic, S.C. and Medical Protective Company, the cause was submitted on the brief of *Thomas H. Koch* of *Hinshaw & Culbertson* of Milwaukee.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J. Rosella Groom brought a medical malpractice action against Dr. Wayne Musser for having negligently caused the death of her husband, Donald. She later amended her complaint to add Dr. Phillip Newman and Physicians Plus Medical Group, S.C., as defendants.[1] The trial court dismissed her amended complaint and she appeals from that order. The issues are (1) whether the medical malpractice statute of limitations, sec. 893.55, Stats., bars Rosella's claim against Dr. Newman, his insurers and Physicians Plus Medical Group, S.C., and (2) whether the amended complaint relates back to the original complaint.

We conclude that (1) because Rosella amended her complaint more than one year after she should have discovered her claims against Dr. Newman, his insurers and Physicians Plus, the statute of limitations bars

---

[1] The amended complaint also named The Professionals Insurance Company (as Dr. Newman's insurer), the Wisconsin Patients Compensation Fund (as its interests relate to Dr. Newman), and the Medical Protective Company. Rosella does not argue the merits of adding Medical Protective as a defendant, and we therefore affirm the judgment as to it. Because Dr. Musser was named in the original complaint, he is not involved in this appeal.

her action against those defendants, and (2) because she had not mistaken their identities, the amended complaint adding those defendants does not relate back and is time barred. We therefore affirm.

On November 22, 1986, Donald took Procardia, a new medication prescribed by Dr. Musser. Donald developed severe chest pain and was taken to a hospital. He died at the hospital on November 26, 1986. Around the time of Donald's death, Rosella discussed the use of Procardia and its effect with Dr. Musser and Dr. Bridgewater, her own physician. Dr. Musser told her that an adverse drug reaction caused Donald's problems, and he sent a letter to that effect to the Food and Drug Administration. Dr. Bridgewater told her that Procardia caused her husband's death. The hospital records show that Dr. Newman directed Donald's hospital care for about the first thirty hours, and then Dr. Musser directed his care.

On January 3, 1987, Rosella requested a copy of her husband's hospital records. The copy was sent to her on February 17, 1987. On July 13, 1989, she requested mediation with the medical mediation panel, and named Dr. Musser as the respondent. Mediation failed, and on November 27, 1989, Rosella filed her complaint against Dr. Musser. On January 23, 1991, she amended her complaint by adding defendants Dr. Newman, Physicians Plus and the others named in footnote one. All of these defendants moved for summary judgment on grounds that the statute of limitations had run. The trial court granted their motions and dismissed the amended complaint.

We use the same summary judgment methodology as does the trial court, and we review its decision *de novo*. *Grosskopf Oil, Inc. v. Winter*, 156 Wis. 2d 575,

581, 457 N.W.2d 514, 517 (Ct. App. 1990). That methodology determines whether a genuine issue exists as to any material fact. *Fortier v. Flambeau Plastics Co.*, 164 Wis. 2d 639, 651–52, 476 N.W.2d 593, 597–98 (Ct. App. 1991). If no such issue exists and the moving party is entitled to judgment as a matter of law, summary judgment must be granted. *Id.*

The pertinent statute of limitations, sec. 893.55(1), Stats., provides in relevant part:

> [A]n action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:
>
> (a) Three years from the date of the injury, or
>
> (b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

The date of Rosella's injury is the date of her husband's death. Because she filed the amended complaint more than three years after his death, subsec. (a) does not apply. We turn to subsec. (b).

Section 893.55(1)(b), Stats., embraces the "discovery rule" established in *Hansen v. A.H. Robins Co.*, 113 Wis. 2d 550, 560, 335 N.W.2d 578, 583 (1983), and further developed in *Borello v. U.S. Oil Co.*, 130 Wis. 2d 397, 388 N.W.2d 140 (1986). Under the discovery rule, a cause of action accrues when the plaintiff knows to a reasonable probability, or in the exercise of reasonable diligence should have known, the fact of injury

and the person who caused the injury. *Id.* at 411, 388 N.W.2d at 146.

In her case, Rosella had one year from the date she knew to a reasonable probability, or in the exercise of reasonable diligence should have known, that Dr. Newman was a person who had caused her husband's death. Section 893.55(1)(b), Stats. She filed her amended complaint on January 23, 1991. Because she claims she did not actually know before January 23, 1990, that Dr. Newman and Physicians Plus were potential defendants, the issue for summary judgment purposes is only whether in the exercise of reasonable diligence she should have known that such was the case. If so, sec. 893.55(1)(b) bars her action against those defendants.

The trial court inferred from Rosella's request in January 1987 for the hospital records that by that time she questioned the quality of care her husband received. Because the records contained the identities of Donald's health care providers and the nature of care provided to him, the court concluded that Rosella's cause of action accrued as a matter of law on or about February 17, 1987, the date the medical records were sent to her.

Rosella argues that the trial court erred. She asserts that the date on which she should have discovered her injury, its cause and the identity of the responsible defendant is a question of fact not to be resolved on summary judgment. She relies on *Ford Farms, Ltd. v. Wisconsin Elec. Power Co.*, 145 Wis. 2d 650, 657, 430 N.W.2d 94, 96 (Ct. App. 1988), where we held that an issue of material fact existed as to the date the plaintiff discovered his injury.

*Ford Farms* is not on point. In that case, the facts were disputed regarding the date of discovery, and summary judgment was not appropriate. *Id.* at 659, 430 N.W.2d at 97. When the material facts are undisputed, and only one inference can reasonably be drawn from them, whether a plaintiff exercised reasonable diligence in discovering her injury is a question of law. *Hennekens v. Hoerl*, 160 Wis. 2d 144, 161, 465 N.W.2d 812, 819 (1991). Here the material facts are undisputed.

■

Rosella contends that the undisputed facts support more than one reasonable inference as to when, in the exercise of reasonable diligence, she should have discovered the additional defendants, Dr. Newman, his insurers and Physicians Plus, and that a factfinder must resolve both the factual issue and reasonable diligence issue. If, however, only one reasonable inference may be drawn from the undisputed facts, then the drawing of that inference is a question of law, and an appellate court may draw it. *Pfeifer v. World Serv. Life Ins. Co.*, 121 Wis. 2d 567, 570–71, 360 N.W.2d 65, 67 (Ct. App. 1984). In other words, whether a factual inference may be drawn, whether it is reasonable and whether it is the only reasonable inference are all questions of law for this court to decide.

■

If the plaintiff has information providing the basis for an objective belief as to the cause of the injury, she has discovered the cause. *Clark v. Erdmann*, 161 Wis. 2d 428, 448, 468 N.W.2d 18, 26 (1991). We therefore review the undisputed facts to determine whether before January 23, 1990, the only reasonable inference from them is that Rosella had information to form the

basis for an objective belief that Dr. Newman's treatment was a cause of her husband's death.

The hospital records Rosella received in February 1987 identify the physicians connected with her husband's care as Drs. Newman, Musser and Davidson.[2] One record shows that on the day Donald was hospitalized, Dr. Newman was one of his attending physicians. Dr. Newman took a cardiac history of Donald, knew of his course of treatment under Dr. Musser and knew Dr. Musser had prescribed Procardia. The record shows that Dr. Newman developed a clinical impression and a plan for Donald's hospital treatment. Rosella's November 1989 suit against Dr. Musser shows she believed that medical negligence caused her husband's death. The only reasonable inference from these undisputed facts is that years before January 23, 1991, when she attempted to amend her complaint to include Dr. Newman, Rosella possessed information providing a basis for an objective belief that Dr. Newman's treatment was a cause of her husband's death.[3]

---

[2] The amended complaint added Dr. Davidson as a defendant, but he was later dismissed by stipulation and is not involved in this appeal.

[3] In her affidavit, Rosella asserts that she did not learn of her claim against Dr. Newman and Physicians Plus until after Dr. Musser's deposition. She took that deposition on January 28, 1991, five days *after* she filed her amended complaint. She attempts to explain this discrepancy by suggesting that her attorney learned of the claim and filed the amended complaint before she personally learned of it. We reject this explanation. A party is bound by the acts of her lawyer-agent and has notice of all facts in the possession of her attorney. *Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 284, 470 N.W.2d 859, 868 (1991). In any event, the question at this stage of the proceedings is not when she actually learned she had a claim against Dr. Newman, but when she should have known.

"Plaintiffs may not close their eyes to means of information reasonably accessible to them and must in good faith apply their attention to those particulars which may be inferred to be within their reach." *Spitler v. Dean*, 148 Wis. 2d 630, 638, 436 N.W.2d 308, 311 (1989).[4] Had Rosella exercised reasonable diligence, she would have discovered her claim against Dr. Newman and his insurers well before January 1990, and minimal inquiries would have disclosed that he and Dr. Musser were members of Physicians Plus. At Dr. Newman's deposition, he stated that he and Dr. Musser belonged to Physicians Plus.[5] Rosella also obtained records from the secretary of state showing that at the time of Donald's death, Physicians Plus existed and that Dr. Musser, and likely Dr. Newman, belonged to it.[6] That information was accessible to

---

[4] Rosella relies on *Fure v. Sherman Hosp.*, 380 N.E.2d 1376, 1385–86 (Ill. App. 1978), where the court found that the plaintiff reasonably relied on what the doctors initially told her was the cause of her husband's death and that it was a "tribute to the normal attitude of trust and confidence in the relationship between doctor and patient." That trust and confidence, however, should not devolve into blind faith and exempt the plaintiff from the duty diligently to pursue potential claims. We believe the Illinois court went too far.

[5] Rosella asserts that Drs. Musser and Newman disagreed as to when Physicians Plus existed and when they became members of it. Those disagreements are irrelevant. Dr. Newman's deposition indicates that he and Dr. Musser belonged to some form of Physicians Plus at the time of Donald's death. Rosella does not point to contrary statements by Dr. Musser.

[6] In her affidavit, Physicians Plus's director of medical records states that Physicians Plus did not exist at the time of Donald's death. Rosella argues that she should not be expected to discover her claim against Physicians Plus when it denies

Rosella before January 1990. We conclude that had she exercised reasonable diligence, she should have discovered her claims against Dr. Newman, his insurers and Physicians Plus well before January 23, 1990.

Rosella contends that her amended complaint relates back to her original complaint. Because her original complaint was timely, she asserts that her amended complaint was timely.[7] We disagree.

■

Section 802.09(3), Stats., provides in part that an amended complaint changing a party relates back to the date of the original complaint if the party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party."[8] Changing a party

---

that it existed during the relevant period. But that affidavit did not impede her investigation. Physicians Plus filed the affidavit three months after Rosella filed the amended complaint.

[7] Donald died on November 26, 1986, and Rosella filed her original complaint on November 27, 1989, one day over the three-year limit imposed by sec. 893.55(1)(a), Stats. Her original complaint was nonetheless timely because her request for mediation against Dr. Musser tolled the statute for 120 days. Sections 655.44(4) and 655.465(7), Stats.

[8] Section 802.09(3), Stats., provides in full:

> If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against such party, the party to be brought in by amendment has received such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party.

includes adding a party. *State v. One 1973 Cadillac*, 95 Wis. 2d 641, 649–50, 291 N.W.2d 626, 631 (Ct. App. 1980).

Rosella does not claim she mistook Dr. Newman's identity or that he should have known about any such mistake. She would be hard put to make such an assertion. She received the hospital records almost three years before filing her original complaint. Those records twice refer to Dr. Newman.

Rosella made no mistake regarding the identity of Physicians Plus. She argues that she should not be held accountable for failing to name Physicians Plus, because it denied that it existed at the time of Donald's death. But, that denial occurred three months after she amended her complaint. She has not shown that the denial caused her to mistake Physicians Plus's identity. Indeed, she has produced records from the secretary of state showing that in September 1986 Physicians Plus, S.C., changed its name to Physicians Plus Medical Group, S.C.

Because Rosella's addition of parties was not based on mistaken identities, the amended complaint does not relate back. We need not determine whether the other requirements for relation back under sec. 802.09(3), Stats., have been met.

*By the Court.*—Order affirmed.