Tonja R. Awve, Individually and as Special Administrator of the Estate of Zachary H. Martz, Deceased, and Scott Martz, Plaintiffs-Appellants,†

v.

Physicians Insurance Company of Wisconsin, Inc., a Wisconsin corporation, Indira Mammen, M.D. and Wisconsin Patients Compensation Fund, a Wisconsin corporation, Defendants-Respondents,

Wisconsin Health Organization Insurance Corporation, a Wisconsin Corporation, Defendant.

Court of Appeals

*No. 93–1212. Submitted on briefs December 1, 1993.—Decided January 5, 1994.*

(Also reported in 512 N.W.2d 216.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the brief of *Hope K. Olson* and *Lance S. Grady* of *Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C.* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Paul J. Kelly* and *Clare T. Ryan* of Brookfield.

Before Anderson, P.J., Brown and Snyder, JJ.

BROWN, J. Tonja R. Awve, the estate of Zachary H. Martz, and Scott Martz (the parents) appeal the summary judgment dismissing their medical malpractice actions for the death of Tonja and Scott's infant son on the grounds that they were untimely filed. The parents argue that the estate's cause of action was timely filed under one statute of limitations, sec. 893.56, Stats., and that their wrongful death action was timely filed under another statute of limitations, sec. 893.55, Stats.

The first issue involves the tolling provision in sec. 893.56, Stats., which gives a minor until the age of ten to bring a cause of action against a health care provider. The issue is whether this ten-year time limit continues after the minor dies. We hold that sec. 893.56 unambiguously applies only to a living minor, and we therefore affirm the trial court on this issue.

We deem the second issue to be whether the parents exercised reasonable diligence in discovering the probable cause of injury, as required under the discovery rule of sec. 893.55, Stats., the general medical malpractice statute of limitations. We hold that the

819

parents did not exercise reasonable diligence and therefore the discovery rule does not apply to this case. Thus, we affirm the dismissal of the parents' wrongful death cause of action.

The undisputed facts are as follows. Before May 1988, Tonja was pregnant with her son, Zachary, and under the care and treatment of Dr. Indira Mammen for that pregnancy. In April 1988, Tonja reported to Dr. Mammen that she was experiencing cramping. On May 1, 1988, the cramping increased. Tonja was subsequently taken to the hospital by her husband, Scott. Zachary was born approximately fifteen weeks premature and remained in critical condition in intensive care until his death on December 23, 1988.

Tonja and Scott retained legal counsel on January 16, 1991 to investigate the facts and circumstances surrounding Zachary's premature birth and subsequent death. On February 22, 1991, Dr. Harry Farb reviewed the medical records of Tonja and Zachary and proffered the opinion that Dr. Mammen did not exercise the required degree of care and skill. Dr. Farb had no opinion about whether Dr. Mammen's care and treatment of Tonja caused the premature birth and subsequent death of Zachary and recommended a consultation with a neonatologist. On March 10, 1992, Tonja and Scott's legal counsel spoke to Dr. Carl Hunt, a neonatologist, about whether Dr. Mammen's care and treatment was causative. Based on the conversation with Dr. Hunt, Tonja and Scott's counsel informed Tonja that "had [she] been diagnosed by Dr. Mammen in a timely fashion as being in labor and had attempts been made by [her] to arrest the labor, those attempts in all probability would have been successful."

The parents filed a lawsuit against Dr. Mammen and her liability carrier on May 7, 1992. Dr. Mammen

moved for dismissal of the actions on the basis that the parents failed to timely commence their actions under the applicable statutes of limitation. Based on the affidavits of Tonja and her counsel, the trial court treated Dr. Mammen's motion as one for summary judgment pursuant to sec. 802.06(3), Stats., and subsequently granted Dr. Mammen's motion.

Here, we review the grant of a summary judgment motion and therefore apply the standards set forth in sec. 802.08(2), Stats. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Under sec. 802.08, summary judgment must be entered "if the pleadings . . . and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The undisputed facts contained in the pleadings and affidavits lead us to conclude that there are no genuine issues of material fact. Thus, we will affirm the trial court if Dr. Mammen was entitled to a judgment as a matter of law. *See Green Spring Farms*, 136 Wis. 2d at 315, 401 N.W.2d at 820.

First, the issue of whether the estate's action was time-barred under sec. 893.56, Stats., involves the interpretation of a statute, which presents a question of law. *See Limjoco v. Schenck*, 169 Wis. 2d 703, 710, 486 N.W.2d 567, 570 (Ct. App. 1992). We review this question of law *de novo*. *See Betthauser v. Medical Protective Co.*, 172 Wis. 2d 141, 146, 493 N.W.2d 40, 41 (1992).

821

Section 893.56, Stats., provides that a minor[1] shall file a cause of action for personal injuries against a health care provider within the time limitations under sec. 893.55, Stats., the medical malpractice statute of limitations, or "by the time that person reaches the age of 10 years, whichever is later." The parents argue that the ten-year time period in sec. 893.56 is met here because of sec. 895.01, Stats., providing that a decedent's personal injury action survives the decedent's death. Despite the lack of cross-reference in either statute, the parents contend that, as a representative of Zachary's estate, the estate had ten years to file pursuant to sec. 893.56, as would Zachary had he lived. We do not agree.

We need only look to the language of sec. 893.56, Stats., to decide this issue. The aim of statutory construction is to discern legislative intent and, where the language is unambiguous, the primary source is the statutory language. *Limjoco*, 169 Wis. 2d at 710, 486 N.W.2d at 570. The plain meaning of that unambiguous language must be followed. *Id.* A statute is ambiguous if reasonable persons can understand it differently. *Id.* at 710-11, 486 N.W.2d at 570. Whether a statute is ambiguous is also a question of law. *Id.* at 711, 486 N.W.2d at 570.

We hold that the relevant language in sec. 893.56, Stats., "by the time that person reaches the age of 10 years," is unambiguous. This is because to reach the age of ten years, a minor must be living. If the legislature had wanted this language to mean "ten years after

---

[1] This section applies to "[a]ny person under the age of 18, who is not under disability by reason of insanity, developmental disability or imprisonment." Section 893.56, Stats.

that person's birth," it could have added the phrase "by the time the minor reaches or would have reached" the age of ten years. The interpretation the parents suggest is not reasonable given the plain meaning of this statutory language. We hold that sec. 893.56 unambiguously provides a time limitation applicable only to living minors.

Next, we review the issue of the parents' diligence under sec. 893.55, Stats. Based on undisputed facts, this issue is a question of law which we review *de novo*. *See Borello v. U.S. Oil Co.*, 130 Wis. 2d 397, 414, 388 N.W.2d 140, 147 (1986).

Under sec. 893.55, Stats., a plaintiff must commence an action against a health care provider by the later of either three years from the date of injury or one year from the date the injury and its cause would have been discovered had the plaintiff exercised reasonable diligence.[2] Section 893.55(1); *Borello*, 130 Wis. 2d at 411, 388 N.W.2d at 146. The parents contend that their action was not time-barred because it met the latter time requirement—that they filed an action within one year of the date of discovery. Although the parents did file the cause of action on May 7, 1992, only two months after getting a medical opinion about the cause of Zachary's death, the parents' argument fails under the reasonable diligence requirement of sec. 893.55.

Reasonable diligence means such diligence as the great majority of persons would use in the same or similar circumstances. *Spitler v. Dean*, 148 Wis. 2d

[2] The discovery rule under sec. 893.55, Stats., expands these time limitations no more than five years from the date of the act or omission. Section 893.55(1)(b).

823

630, 638, 436 N.W.2d 308, 311 (1989). We do not expect the ordinary person alleging physical injuries to take extraordinary steps to secure a full medical analysis. *See Borello*, 130 Wis. 2d at 414, 388 N.W.2d at 147. However, "[p]laintiffs may not close their eyes to means of information reasonably accessible to them and must in good faith apply their attention to those particulars which may be inferred to be within their reach." *Spitler*, 148 Wis. 2d at 638, 436 N.W.2d at 311. If a plaintiff does not meet the reasonable diligence requirement, the discovery rule under sec. 893.55, Stats., does not apply.

Here, we hold that the parents did not give good faith attention to the information within their reach about the cause of Zachary's premature birth and subsequent death as required under *Spitler*. The parents waited more than three years before consulting Dr. Hunt about the cause of Zachary's death. They attempt to justify this time lapse by explaining that until March 10, 1992, when they learned Dr. Hunt's opinion about the cause of Zachary's death, they mistakenly believed that nothing could have been done to prevent Zachary's premature birth. However, their explanation rings hollow, considering that when they consulted an attorney in January 1991 they already harbored at least a suspicion of Dr. Mammen's care and treatment causing Zachary's death. Their suspicions were the reason why they consulted the attorney.

Furthermore, although the February 1991 opinion by Dr. Farb offered no impression about the cause of Zachary's death, his view that Dr. Mammen did not exercise ordinary care must have added further credence to this suspicion. However, yet another year passed before the parents got the information from Dr.

Hunt confirming the suspicion. We hold that, under *Spitler*, the parents' initial suspicions triggered an obligation to exercise reasonable diligence to access information "which may be inferred to be within their reach." *See Spitler*, 148 Wis. 2d at 638, 436 N.W.2d at 311. The parents do not contend that further information about the cause of Zachary's death was outside their reach, and the undisputed facts do not lead us to conclude that the information was beyond their reach. Had the parents exercised reasonable diligence, they would have discovered their claims well beforehand.

 *By the Court.*—Judgment affirmed.