Clarice BALDWIN as Personal Representative of the Estate of Jerry Baldwin, Willie Banks, Christella Burnett, Milton Chacon, J.C. Griffin, George Harris, Carl Hays, Roosevelt Henderson, Joe Hoffmann, Kurt Jarosch, Dennis Kaminski, Jimmy Kelly, Leo Kyles, Avelina Pesqueira, Estate of Jorge Pesqueira, Arthur Phillips, James Salley, Sr., Henry Tyler, Jr., Robert Van Laanen, Larnell Vann and Jessie Walker, Plaintiffs,

Ollie COCROFT, Plaintiff-Appellant,

CLAIMS MANAGEMENT SERVICES, Department of Health & Family Services, Payco General American Credits, American Family Mutual Insurance Company, Pelton Casteel, Muhammad Nadeem, M.D., Compcareblue Health Services, Department of Veterans Affairs, Kenosha Hospital, Medicare Part B, Medicare Part A, Blue Cross, St. Mary's Hospital - Racine, All Saints Hospital, Principal Mutual Insurance Company - Humana, Travelers Insurance Company, United American Insurance Company, Primecare Gold/Primecare Health, Medicaid Recipient Services, Aurora Home Medical Services, Royal Insurance Company of America, Sinai Samaritan Medical Center, American Republic Insurance Company, St. Joseph's Hospital, Social Security Administration, Claims Management Services, Inc., EBS Health Plan, Covenant Health/St. Francis, Milwaukee Radiolo-

301

gists, Ltd., Humana Health Plan - Aurora, Federated Adjustment Company, Air Respiratory Services, DaimlerChrysler Corporation, St. Luke's Hopsital, American Family Insurance Company, Community Insurance Health Plan, Social Security Administration and St. Joseph's Hospital, Subrogated-Plaintiffs,

v.

BADGER MINING CORPORATION and Mine Safety Appliances Company, Defendants-Respondents,†

MINNESOTA MINING & MANUFACTURE and Moldex Metric, Inc., Defendants,

NORTH SAFETY PRODUCTS COMPANY, Norton Company, Textron, Inc., Liberty Mutual Insurance Company, and Travelers Casualty & Surety Company, f/k/a Aetna Casualty & Surety Company, Defendants-Respondents,

AMERICAN OPTICAL CORPORATION, Defendant,

DALLOZ SAFETY, INC. and Employers Insurance Company of Wausau, Defendant-Respondent.

Court of Appeals ·

*No. 02–1197. Submitted on briefs March 7, 2003.—Decided April 8, 2003.*

2003 WI App 95

(Also reported in 663 N.W.2d 382.)

_____

† Petition to review denied 7-9-03.

304

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Michael F. Hart* of *Kohler & Hart LLP*, of Milwaukee.

On behalf of the defendant-respondent Badger Mining Corporation, the cause was submitted on the brief of *Michael J. Cohen* of *Meissner Tierney Fisher & Nichols, S.C.*, of Milwaukee, and *L. John Argento* and *Cathy R. Gordon, pro hac vice* of *Dickie, McCamey & Chilcote, P.C.*, of Pittsburgh, PA.

On behalf of the defendants-respondents Norton Company, North Safety Products, Inc., and Textron, Inc. the cause was submitted on the combined brief of *Daniel A. Haws* of *Murnane, Conlin, White & Brandt*, of St. Paul, MN., and defendant-respondent Liberty Mutual Insurance Company by *William J. Katt* of *Lieb. & Katt, S.C.*, of Milwaukee, and defendant-respondent Travelers Casualty & Surety Company by *Donna J. Vobornik* of *Sonnenschein Nath & Rosenthal*, of Chicago, IL, and defendant-respondent Mine Safety Appliances Company by *Mark A. Frankel* of *LaFollette Godfrey & Kahn*, of Madison, WI.

On behalf of the defendant-respondent Dalloz Safety, Inc., and Employers Insurance Company of Wausau, the cause was submitted on the brief of *Patrick J. Anderson* of *Matthiesen, Wickert & Lehrer, S.C.*, of Hartford, WI.

Before Fine, Schudson and Curley, JJ.

305

¶ 1. SCHUDSON, J. Ollie Cocroft appeals from the circuit court's final orders: (1) granting summary judgment and dismissing his claims against Badger Mining Corporation (Badger); and (2) granting summary judgment and dismissing his claims against four manufacturers of respirator masks and their insurers (collectively, the "respirator defendants"). Cocroft argues that the court erred in concluding that the statute of limitations barred his claims.

¶ 2. We conclude that the circuit court correctly determined, under *Borello v. U.S. Oil Co.*, 130 Wis. 2d 397, 388 N.W.2d 140 (1986), that the statute of limitations barred Cocroft's claims against Badger. We also conclude, however, that because a genuine material factual issue remains—whether Cocroft was reasonably diligent in discovering his cause of action against the respirator defendants—the court erred in granting summary judgment and dismissing his claims against them. Accordingly, we affirm in part, reverse in part and remand for further proceedings consistent with this decision.

## I. BACKGROUND

¶ 3. According to the summary judgment submissions, from 1955 to 1996, except for two years while he was in the military, Cocroft worked at the Falk Foundry in Milwaukee. In 1982 he learned that he had suffered some kind of lung damage from his work at the foundry and, in 1985, he was diagnosed with silicosis, an incurable lung disease. Cocroft was informed that his disease had resulted from his inhalation of silica dust generated from the sand used in the molding and grinding processes of his work. Badger was a manufacturer of the sand.

¶ 4. During his daily work at Falk, Cocroft, as recommended throughout his employment, wore respirator masks produced by various manufacturers. He believed that those masks protected him from the dust. Therefore, when he learned he was suffering from lung problems due to the inhalation of workplace dust, he surmised that he must have inhaled the dust during those interludes—while walking to and from his workstation, talking to his supervisor or co-workers, attending safety classes, eating lunch and taking other work breaks—when he had not worn a mask.

¶ 5. In 1984, Falk advised Cocroft that, despite his lung problems, he could continue to work but must take "strict pulmonary precautions." And in 1985, after diagnosing Cocroft's silicosis, Cocroft's doctor advised him to take another position or, if he continued the same work, to always wear a respirator mask "to prevent further exposure to silica." Cocroft continued working at Falk, wearing a mask at virtually all times and believing that the masks protected him.

¶ 6. In 2000, Cocroft learned that the masks he had used may have been defective, and that the mask manufacturers may have known that, under certain hot and humid conditions, the defects allowed dust particles to penetrate the protective filters, seals, surfaces, and exhalation valves. Thus, soon thereafter, Cocroft brought the underlying action: (1) against Badger, claiming failure to warn of the danger of the sand and failure to advise Falk how to prevent the harm; and (2) against the respirator defendants, claiming strict products liability, negligence, misrepresentation, punitive damages, and breach of express and implied warranties.

307

¶ 7. The defendants moved for summary judgment arguing that Cocroft's claims were barred by Wis. Stat. § 893.54(1) (2001–2002),[1] the statute of limitations providing that "[a]n action to recover damages for injuries to the person . . . shall be commenced within 3 years or be barred." They contended that Cocroft had known of his disease and its cause since 1982 or, at the latest, 1985.

¶ 8. The circuit court agreed. In its February 25, 2002 oral decision granting summary judgment to Badger, the court explained, in part:

> [U]nder the circumstances[,] . . . the plaintiff clearly understood that in 1985, he was diagnosed with silicosis; that it was caused by the dust from his work environment. And under those circumstances, he fully understood the injury, the nature of the injury, the cause of the injury, and he either knew or should have known with reasonable diligence that Badger Mining would be an alleged responsible defendant through the product[.]

And also granting summary judgment to the respirator defendants, the court continued:

> I think there was sufficient information known to Mr. Cocroft in 1985 that would warrant his further investigation even [considering] the allegations regarding concealing the information and the lack of disclosure[;] . . . that under those circumstances where . . . the plaintiff states that he didn't know what Falk relied on from the representations . . . from the manufacturer[s of the masks] regarding safety, . . . he should have engaged in some kind of investigation. He believed, apparently, and had stated he trusted the high standards of his employer, but there were no facts on which

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version.

he could rely for that high standard or the reliance . . .
from Falk Corporation on those representations. So he
had an independent duty, separate and distinct.

¶ 9. The court then further elaborated the basis
for its decision dismissing Cocroft's claims against the
respirator defendants:

[I]t's undisputed that Mr. Cocroft in 1985 was advised
by his doctor that he had silicosis. It was caused by the
dust in the factory; . . . he was not aware of any
representations by the respirator manufacturers re-
garding safety. He had certainly a general belief and
trusted in his employer and high standards. He did not
know what representations the manufacturers may
have made to Falk Corporation.

. . . [T]aking the evidence in the light most favor-
able to the plaintiff[,] that he believed that the silicosis
may have been caused by the short periods of time that
he wasn't wearing a mask, it at best [was] a mere belief
that had nothing to substantiate that belief.

. . . [T]he doctor told him to find a different job.
But . . . the doctor really wasn't an expert in this area[;
he] gave just the general advice and treated him, had
him come back, but really wasn't an expert in the area,
wasn't someone that he justifiably relied on in evaluat-
ing the extent of his injury, the cause of the injury, other
than broadly dust at work caused it.

. . . [H]e didn't ask his doctor, ["W]ould it be
sufficient that I took my mask off periodically[;] would
that cause it?["] Or, . . . , ["I]s there something that I
should be concerned about with the masks[?"] The
doctor probably would have told him[: "N]o, I don't
know any of those things. Go talk to somebody.["] But
he didn't ask that in the first instance.

There is no evidence in the record that he clearly went back and questioned Falk Corporation regarding the safety of the masks.

. . . [A] reasonabl[y] objective plaintiff who knows of an injury, the cause of the injury, has a duty to investigate both medically and legally the causes of that injury.

And had he gone to a lawyer in the State of Wisconsin in 1985, . . . [t]he lawyer would want to know how often the mask was off, would then weed out the medical attention or opinions, expert opinions as to how do you develop silicosis. Is it a short exposure or is there something else[?] And if there is a combination possibility, then we're going to look at what those causes are.

And I think under those circumstances, a reasonably objective plaintiff is obligated then to seek out that medical attention, and Mr. Cocroft should have at that time.

¶ 10.    Cocroft challenges the summary judgments granted to Badger and the respirator defendants. Regarding Badger, his argument is brief and, as we will explain, unconvincing. Regarding the respirator defendants, however, his argument—that the summary judgment submissions established a material factual issue of whether he exercised reasonable diligence in discovering the respirator defendants' potential liability—is correct. Therefore, without needing to address Cocroft's additional argument that the respirator defendants should have been equitably estopped from asserting their statute-of-limitations defense, we conclude that whether Cocroft exercised reasonable diligence in discovering his cause of action against the respirator defendants remains a material factual issue for trial.

## II. DISCUSSION

¶ 11. Our review of a circuit court's grant of summary judgment is *de novo. Groom v. Professionals Ins. Co.*, 179 Wis. 2d 241, 246, 507 N.W.2d 121 (Ct. App. 1993). Where a defendant's summary judgment submissions state a *prima facie* defense based on a statute of limitations, the party opposing summary judgment has the burden to establish the existence of disputed material facts to defeat summary judgment. *See Fritz v. McGrath*, 146 Wis. 2d 681, 683, 431 N.W.2d 751 (Ct. App. 1988). Summary judgment must not be granted if the submissions establish that a genuine issue of material fact remains for trial. Wis. Stat. § 802.08(2).

¶ 12. "[U]nder Wisconsin law, a cause of action will not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, not only the fact of injury but also that the injury was probably caused by the defendant's conduct or product." *Borello*, 130 Wis. 2d at 411. "The issue of reasonable diligence is ordinarily one of fact." *Spitler v. Dean*, 148 Wis. 2d 630, 638, 436 N.W.2d 308 (1989). Nevertheless, "when the facts and reasonable inferences that can be drawn from the facts are not in dispute, whether a plaintiff has exercised reasonable diligence is a question of law." *Hennekens v. Hoerl*, 160 Wis. 2d 144, 161, 465 N.W.2d 812 (1991).

¶ 13. "Reasonable diligence [in discovering the probable cause of injury] means such diligence as the great majority of persons would use in the same or similar circumstances." *Auwe v. Physicians Ins. Co.*, 181 Wis. 2d 815, 823, 512 N.W.2d 216 (Ct. App. 1994). Our

review of a circuit court's grant or denial of summary judgment, based on its determination of a plaintiff's reasonable diligence, is *de novo. See id.* at 821.

## A. Badger Mining Corporation

¶ 14.   Cocroft asserts that Badger "never properly advised its customers (including Falk) on how to safely use its silica-containing products," and that Badger violated its "duty to adequately warn about the non-obvious hazards presented by the intended use of its product." He further contends that, by initially offering "no instructions whatsoever on the type of respirators required to use its products safely," by subsequently recommending respirators that "did *not* protect the workers," and by failing to recommend "other commercially available respirators that provided a much higher degree of protection," Badger became a "joint tortfeasor with the respirator manufacturers." Cocroft maintains that he "could not have reasonably discovered Badger's wrongful conduct in recommending the wrong type of respirator until shortly before suit was filed" and argues, therefore, that the statute of limitations does not bar his action against Badger.

¶ 15.   Cocroft, however, limiting his theory to allegations about Badger's "wrongful conduct," steps around *Borello*'s dispositive standard: the statutory time period begins to run when the plaintiff discovers "that the injury was probably caused by the defendant's conduct *or product." See Borello*, 130 Wis. 2d at 411 (emphasis added). It is undisputed that fifteen years before Cocroft filed his claims, his doctor informed him that he had silicosis caused by inhalation of silica dust from the sand at Falk. It is undisputed that Cocroft knew that Badger was a manufacturer of that sand.

312

Cocroft offers no authority to support his implicit argument that the subsequent discovery of possible connections between Badger's conduct, the respirator masks, and his injury should extend the accrual date for his cause of action.[2] *See Claypool v. Levin*, 209 Wis. 2d 284, 301, 562 N.W.2d 584 (1997) (plaintiff need not be aware of specific legal theory on which recovery could be sought in order for cause of action to accrue). Accordingly, we conclude that the circuit court correctly granted summary judgment to Badger.

## B. The Respirator Defendants

■

¶ 16.  Cocroft argues that "two competing reasonable inferences regarding [his] diligence" in discovering the potential liability of the respirator defendants may be drawn from the summary judgment submissions. He contends that while one might conclude, as the circuit

---

[2] We acknowledge that a plaintiff's knowledge of the possible causative nature of a defendant's *product* would not necessarily cement a one-and-only accrual date. Under certain circumstances, a defendant's *conduct* could alter that date, particularly where that conduct carries essential information about the connection between the product and the probable cause of injury "outside the[] reach" of a plaintiff. *See Awve v. Physicians Ins. Co.*, 181 Wis. 2d 815, 825, 512 N.W.2d 216 (Ct. App. 1994); *see also Hester v. Williams*, 117 Wis. 2d 634, 644–45, 345 N.W.2d 426 (1984) (plaintiff's detrimental reliance on defendant's collusion, concealment or fraud may equitably estop defendant from raising statute of limitations defense). In the instant case, however, Cocroft presented nothing to establish that Badger knew of any defects in the respirator masks, acted or conspired with the mask manufacturers to conceal any defect, or negligently or intentionally recommended masks that it knew or should have known would not protect the Falk workers.

court did, that he failed to exercise reasonable diligence, a "strong, countervailing inference" is that he did indeed exercise reasonable diligence by acting "just as the great majority of people would have . . . under similar circumstances." Cocroft is correct.

¶ 17. The summary judgment submissions establish important undisputed facts from which certain logical inferences may flow. In 1985, upon being diagnosed with silicosis and learning that his disease was caused by the inhalation of silica dust, Cocroft obtained and followed the advice of both his doctor and employer.[3] Continuing to work at Falk, he was all the more careful in consistently using the respirator masks—masks his doctor, employer, and he believed would protect him. Knowing of no defect in the masks,[4] Cocroft therefore surmised that his disease must have resulted from dust inhalation during those times he had failed to wear a mask. Thus, he did not suspect that the masks had played any role in causing his disease. When he learned they may have done so, he promptly filed his action.

¶ 18. The respirator defendants contend that Cocroft, instead of surmising that he must have inhaled the dust during those periods he was not wearing a mask, could have deduced that their products (which, they maintain, had no defects) may have been defective and, therefore, should have investigated whether they were causative. Emphasizing that Cocroft did nothing

---

[3] It is undisputed that neither Cocroft's employer nor Cocroft's doctor knew or advised him of any possible defects in the respirator masks.

[4] It is undisputed that Cocroft knew of no defects in the masks and could not detect the invisible, odorless, and tasteless silica dust that may have penetrated his masks.

to investigate, they argue that he failed to fulfill what they term his "duty to determine the cause of his injury." They are incorrect.

¶ 19. Although the respirator defendants' theory may gain viability at trial, its premise is flawed or, at least at the summary judgment stage, premature. As we recently reiterated:

> The cause of an injury is "discovered" when a potential plaintiff *has information that would give a reasonable person notice of the cause of injury.* A plaintiff cannot wait until he or she is certain about the cause, or wait for expert verification of *known information.* On the other hand, Wisconsin law does not require a plaintiff to bring a lawsuit before the plaintiff *has sufficient information* to reach an objective conclusion as to cause. This is because Wisconsin courts "have consistently recognized the injustice of commencing the statute of limitations before a claimant is aware of all the elements of an enforceable claim," including the discovery of the identity of the defendant and the cause of the injury.

*Jacobs v. Nor-Lake, Inc.*, 217 Wis. 2d 625, 636–37, 579 N.W.2d 254 (Ct. App. 1998) (emphasis added; citations omitted). Here, depending on the facts developed at trial, a jury could conclude that Cocroft's "known information," *see id.*, primarily coming from his doctor and employer, led him to do *nothing* with respect to the mask manufacturers because he logically deduced that he was responsible for his disease.[5] And a jury could

---

[5] We note that Cocroft was not represented by counsel, for anything related to his disease, until shortly before he filed his action. While the respirator defendants make much of the fact that Cocroft gained his knowledge of the possible causal connection between the respirator masks and his disease from attorneys seeking potential plaintiffs for actions against the

conclude that *nothing* is exactly what "the great majority of persons would [have done] in the same or similar circumstances." *See Awve*, 181 Wis. 2d at 823.

¶ 20. Thus, we conclude, the summary judgment submissions establish the existence of a genuine material factual issue—whether Cocroft was reasonably diligent in discovering the possible connection between the respirator masks and the probable cause of his disease. While a jury could find that Cocroft failed to exercise reasonable diligence, it also could find that Cocroft, relying on the "known information" he received from his doctor and his employer, logically surmised that his own failure to always wear a protective mask had allowed for the damaging exposure. Thus, a jury could conclude that Cocroft, like the great majority of others under the same or similar circumstances, would have postponed any investigation of the respirator masks until he learned of their possible defects. *See Sawyer v. Midelfort*, 227 Wis. 2d 124, 157, 595 N.W.2d 423 (1999) ("The question of whether plaintiffs exercised reasonable diligence is ordinarily one of fact, to be determined by the fact-finder.").[6]

---

mask manufacturers, they offer no authority altering the focus of our inquiry—on Cocroft's "known information" and reasonable diligence, not on the motivations of those who may have provided him with the information. Thus, this case presents no additional issue of whether, in the determination of Cocroft's reasonable diligence, an attorney's knowledge or reasonable diligence would be imputed to Cocroft. *See Claypool v. Levin*, 209 Wis. 2d 284, 562 N.W.2d 584 (1997).

[6] While not resolving the parties' dispute over whether the respirator defendants are equitably estopped from invoking a statute-of-limitations defense, we recognize that, factually, some of their assertions on this issue may come into play in

*By the Court.*—Order granting summary judgment to Badger Mining Corporation affirmed; order granting summary judgment to the respirator defendants reversed and cause remanded for further proceedings.

their litigation of whether Cocroft was reasonably diligent in discovering the probable cause of his injury.

For example, Cocroft, in his brief to this court, asserts that he "reasonably relied on the representations *and* omissions of the respirator-defendants and was led to believe the respirators worked properly." Certainly, if that is so, a jury could conclude that such representations and omissions influenced Cocroft's decision to not investigate the masks as a possible cause of his disease and, further, that he was reasonably diligent despite his failure to do so. *See Borello v. U.S. Oil Co.*, 130 Wis. 2d 397, 414, 388 N.W.2d 140 (1986) ("discovery does not occur until there is information available to the claimant of the nature of . . . injury, the cause of . . . injury, and the defendant's part in that cause.").

By contrast, one of the respirator defendants, Dalloz Safety, Inc., and its insurer, Employers Insurance Company of Wausau, in their brief to this court, counter: "Cocroft intentionally turned a blind eye to information that was easily within his reach. He concedes that he suspected the possibility of a respirator problem, yet did nothing." They do not, however, cite anything to support these assertions. *See* Wis. Stat. Rule 809.19(1)(e) & (3)(a) (arguments in appellate briefs must be supported by authority and citations to the record). In fact, they quote several portions of Cocroft's deposition that would seem to suggest otherwise. For example, to the question, "You didn't know how you could get the damage to your lungs if you were wearing your respirator: is that what you're saying?" Cocroft answered, "That's correct." Needless to say, however, if, as Dalloz and Employers assert, Cocroft intentionally turned a blind eye to information within his reach despite suspecting that defects in the masks probably caused his disease, that would undoubtedly enter into a jury's determination of whether he was reasonably diligent.