STATE of Wisconsin, Plaintiff-Respondent,

v.

Juan M. NAVARRO, Defendant-Appellant.

Court of Appeals

*No. 00–0795–CR. Submitted on briefs June 11, 2001.—Decided September 27, 2001.*

2001 WI App 225

(Also reported in 636 N.W.2d 481.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Joseph M. Moore*, assistant state public defender of Juneau.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Diane M. Welsh*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Vergeront, P.J., Dykman and Deininger, JJ.

¶ 1. DEININGER, J.  The State is prosecuting Juan Navarro, an inmate at Waupun Correctional Institution, for battery by a prisoner.[1] Navarro allegedly assaulted a correctional officer, and he asserts that he intends to claim at trial that he acted in self-defense. We granted Navarro leave to appeal an order denying his motion for an in camera inspection of confidential records possibly containing reports of abusive treatment of inmates by the correctional officer. We conclude that the trial court erred by prematurely denying Navarro's request without giving him the opportunity to establish the materiality of the records to his defense. We therefore reverse and remand to permit the court to consider Navarro's request under the correct legal standard.

---

[1] *See* WIS. STAT. § 940.20(1) (1999–2000). All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

## BACKGROUND

¶ 2.   The correctional officer testified at the preliminary hearing that he was escorting Navarro to the shower when Navarro became disruptive and began banging on another inmate's cell door with his "flip-flops." The officer told Navarro that due to his behavior they would return to his cell. According to the officer, Navarro then pulled away from him and lunged at him. The officer testified that he took Navarro to the ground in an attempt to regain control of the situation, at which time Navarro kicked him in the back of the head and bit his hand. The officer acknowledged that at the time of the incident, Navarro was in handcuffs which were fastened to a belt around his waist.

¶ 3.   Following his arraignment, Navarro filed a "Supplemental Demand for Exculpatory Materials," moving the court to order the prosecution to turn over:

> Copies of inmate complaints made and the responses to those complaints as well as the disciplinary actions taken, if any, against [the correctional officer] related to excessive use of force towards inmates, and any other documents related to violations by [the correctional officer] of Department of Corrections Rules, Policies or Procedures related to interaction with inmates.

Navarro's counsel asserted in a brief supporting the motion that "at trial [Navarro] will assert that as he stood shackled about the waist and wrist he was assaulted by the alleged victim and attempted to defend himself from attack." Counsel also asserted Navarro "intends to offer evidence of his fear of the alleged victim based upon his knowledge of the alleged victim's attacks on other inmates . . . [and] of the alleged victim's reputation in the community for violence and abusive behavior."

399

¶ 4. Navarro's counsel also clarified in the brief that Navarro was seeking an in camera inspection of the requested records, citing *State v. Shiffra*, 175 Wis. 2d 600, 499 N.W.2d 719 (Ct. App. 1993); and *State v. Munoz*, 200 Wis. 2d 391, 546 N.W.2d 570 (Ct. App. 1996). He argued that the confidential records were relevant and might prove helpful to Navarro's defense, specifically:

> The records sought will provide the Defendant with the identity of individuals whom:
>
> (1)   observed and complained about the violence done to the Defendant.
>
> (2)   observed and complained of the violence the Defendant is aware of that's been done to other inmates.
>
> (3)   were the victims of violence the Defendant observed done to others.
>
> (4)   have relevant testimony concerning the alleged victim's reputation for being a violent person.

¶ 5. The trial court denied Navarro's motion without an evidentiary hearing, in part, because Navarro had not shown that the officer's personnel records were "within the possession, custody, or control of the state." The trial court also stated that Navarro had not shown the records were "exculpatory evidence" under WIS. STAT. § 971.23(1)(h). Navarro moved for reconsideration, but the court again denied Navarro's discovery request, stating that the records "are not within the D.A.'s control," and noting that "the *Shiffra* case deals with a different kind of record, namely psychiatric records." We granted Navarro leave to appeal the trial

court's order denying his request for an in camera inspection of records relating to inmate complaints filed and disciplinary actions taken against the complaining witness.[2]

## ANALYSIS

¶ 6. This appeal involves whether, under *Shiffra,* Navarro is entitled to an in camera inspection of confidential records relating to the correctional officer who is the complaining witness in this prosecution for battery by a prisoner. Whether a defendant is entitled to an in camera inspection of confidential records implicates the defendant's right to due process of law. *Shiffra,* 175 Wis. 2d at 605. We review constitutional questions de novo, without deference to the trial court. *Id.*

¶ 7. Before a trial court may order an in camera inspection of confidential records relating to a complaining witness, the defendant must make a preliminary showing that the records sought are material to his or her defense. *Id.* We concluded in *Jessica J.L. v. State,* 223 Wis. 2d 622, 589 N.W.2d 660 (Ct. App. 1998), that a trial court need only conduct an evidentiary hearing on a defendant's *Shiffra* request if a defendant alleges facts which, if true, are sufficient to entitle him or her to the relief sought.[3] *Id.* at 634 (citing *State v. Bentley,* 201 Wis. 2d 303, 548 N.W.2d 50 (1996)). We decide de novo whether the facts alleged in a motion

---

[2] *See* WIS. STAT. § 808.03(2) and WIS. STAT. RULE 809.50.

[3] A trial court may also choose, in its discretion, to conduct a hearing even if the allegations are deficient. *Jessica J.L. v. State,* 223 Wis. 2d 622, 634, 589 N.W.2d 660 (Ct. App. 1998).

"are sufficient to require the court to hold a hearing on the materiality of the records or whether the motion may be denied without a hearing." *Id.* at 629.

¶ 8. The trial court denied Navarro's motion for an in camera inspection of confidential records relating to the complaining witness without conducting an evidentiary hearing on their materiality to Navarro's defense. The court did not expressly consider, however, whether Navarro had made sufficient allegations under *Shiffra* and *Jessica J.L.* to merit a hearing. Rather, the court apparently believed that the *Shiffra* analysis was not applicable for several reasons: (1) the records in question were not in the prosecutor's possession; (2) the records were not psychiatric records; and (3) Navarro had not shown the records were "exculpatory evidence" under WIS. STAT. § 971.23(1)(h). We conclude the trial court erred in denying Navarro's motion for the reasons it stated.

¶ 9. First, we expressly rejected in *Shiffra* the argument that access to records sought by a defendant may be denied simply because the records are not within the State's possession. *Shiffra,* 175 Wis. 2d at 606–07. Next, although *Shiffra* and several other cases deal specifically with psychiatric or mental health counseling records,[4] nothing in our analyses in these cases suggests that the governing principles apply only to mental health records. In *Shiffra,* for example, we referred generally to "sought-after evidence," *id.* at

[4] *See, e.g., State v. Walther,* 2001 WI App 23, ¶ 3, 240 Wis. 2d 619, 623 N.W.2d 205 ("Medical, Psychological, Psychiatric, Residential Treatment and Counseling Records"); *Jessica J.L.,* 223 Wis. 2d at 626, ("psychiatric, psychological, counseling, therapy or clinical records"); *State v. Munoz,* 200 Wis. 2d 391, 393, 546 N.W.2d 570 (Ct. App. 1996) ("mental health treatment records").

605–08, and we relied in our analysis on two U.S. Supreme Court cases, neither of which dealt with psychiatric or counseling records. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 42–43 (1987) ("investigative files concerning child abuse"); *Roviaro v. United States*, 353 U.S. 53 (1957) (identity of government informants).

¶ 10. Finally, Wis. Stat. § 971.23(1) is not relevant to the *Shiffra* materiality inquiry. The statute addresses a district attorney's duty to disclose, upon demand, "materials and information . . . within the possession, custody or control of the state." *Id*. If a defendant so demands, he or she must be permitted "to inspect and copy or photograph" any "exculpatory evidence" within the State's possession or control. *Id*. at (1) and (1)(h). Under *Shiffra*, however, the relief granted if materiality is shown is not unlimited access by the defense to confidential files, but an in camera inspection by the court. As we recently noted in *State v. Walther*, 2001 WI App 23, 240 Wis. 2d 619, 623 N.W.2d 205, "a trial court's in camera review 'is a limited intrusion that often provides the best tool for resolving conflicts between the sometimes competing goals of confidential privilege and the right to put on a defense.' " *Id*. at ¶ 14 (citations omitted).

¶ 11. We acknowledged in *Walther* that a defendant must establish "more than the mere possibility" that confidential records "may be helpful," and we reiterated that the necessary showing is that the requested records " 'may be necessary to a fair determination of guilt or innocence,' " *id*. at ¶ 10–11 (citing *Munoz*, 200 Wis. 2d at 397–98). We also suggested in *Walther*, however, that trial courts should "carefully consider" granting inspection in "close calls," *id*. at ¶ 14, and we concluded that the necessary showing had been made in that case, even though the information

constituted only "potentially fertile ground for cross-examination." *Id.* at ¶ 12. We conclude, therefore, that the trial court erred in denying Navarro's request without a hearing on the basis that he had not demonstrated an entitlement to discover "exculpatory evidence" under WIS. STAT. § 971.23(1)(h).

¶ 12. The alleged basis for the materiality to Navarro's defense of the records he seeks is not that information in the confidential files may serve to undermine the complaining witness's credibility, which has often been the claim in *Shiffra* cases. Rather, Navarro seeks access to the complaining witness's personnel file, or other confidential prison files, which may contain information to support his claim of self-defense. Accordingly, we examine his allegations in light of the elements of the defense:

The law of self-defense allows the defendant to threaten or intentionally use force against another only if:

- the defendant believed that there was an actual or imminent unlawful interference with the defendant's person; and,

- the defendant believed that the amount of force the defendant used or threatened to use was necessary to prevent or terminate the interference; and

- the defendant's beliefs were reasonable.

... In determining whether the defendant's beliefs were reasonable, the standard is what a person of ordinary intelligence and prudence would have believed in the defendant's position under the circumstances that existed at the time of the alleged offense. The reasonableness of the defendant's beliefs must be de-

404

termined from the standpoint of the defendant at the time of the defendant's acts. . . .

Wɪs JI—Cʀɪᴍɪɴᴀʟ 800 (footnotes omitted); *see also State v. Head,* 2000 WI App 275, ¶ 9, 240 Wis. 2d 162, 622 N.W.2d 9, *review granted,* 2001 WI 43, 242 Wis. 2d 543, 629 N.W.2d 783 (Wis. Mar. 06, 2001) (No. 99–3071–CR).

¶ 13. Thus, a defendant's state of mind at the time of the alleged offense is relevant to his or her claim of self-defense. In particular, a defendant must establish that he or she believed the alleged victim was about to unlawfully inflict harm, and that the belief was reasonable. The supreme court held in *McMorris v. State,* 58 Wis. 2d 144, 205 N.W.2d 559 (1973), that when there is a sufficient factual basis for a claim of self-defense, a defendant may support the defense by establishing "the turbulent and violent character of the victim by proving prior specific instances of violence within his knowledge at the time of the incident. . . . [I]t must be shown that he knew of such violent acts of the victim prior to the affray." *Id.* at 152. Therefore, in order to introduce evidence at trial of the officer's reputation for violence or past violent acts toward inmates, Navarro must establish that at the time of the incident he knew of that reputation or of those acts.

¶ 14. Navarro argues that, through his counsel, he made sufficient allegations regarding the materiality of the records he seeks to warrant a *Shiffra* materiality hearing. When the trial court first considered Navarro's request for access to records of inmate complaints and disciplinary actions relating to the correctional officer, his counsel told the court "[Navarro]'s going to get up and, yes, he's going to talk about his own fear of this man and his own knowledge of this man." In his brief which followed, Navarro's counsel asserted that "at trial

405

[Navarro] will assert that as he stood shackled about the waist and wrist he was assaulted by the alleged victim and attempted to defend himself from attack," and further that Navarro "intends to offer evidence of his fear of the alleged victim based upon his knowledge of the alleged victim's attacks on other inmates . . . [and] of the alleged victim's reputation in the community for violence and abusive behavior."

¶ 15. We agree with the State that Navarro's allegations could have been considerably more specific, for instance, by identifying specific past incidents involving the correctional officer of which Navarro was aware, or by providing the names of inmates allegedly abused by the officer prior to the date of Navarro's alleged battery.[5] Nonetheless, the question presently before us is not whether Navarro's assertions are sufficient to require the court to order an in camera inspection of the requested records, but whether they are sufficient to permit him to make the requisite showing of materiality at an evidentiary hearing.

■

¶ 16. We conclude that Navarro's allegations, communicated through counsel, are sufficient to merit a hearing. If it is true, as his counsel asserts, that Navarro was aware at the time of the alleged offense of specific past acts of violence by the officer toward inmates, or of the officer's having a reputation for being abusive to inmates, Navarro is arguably entitled to the relief he requests—an in camera inspection of certain confidential records that may contain information cor-

---

[5] We also deem it a better practice for a defendant to include the relevant allegations in his or her *Shiffra* motion, or in an affidavit filed in support of it, rather than by way of counsel's assertions in a brief or during argument, as was done here.

roborating the officer's past acts or reputation. *See Jessica J.L.*, 223 Wis. 2d at 634.

¶ 17.   Accordingly, we reverse the order denying Navarro's request and direct that, on remand, the trial court conduct an evidentiary hearing to permit Navarro to demonstrate, if he can, that the records he seeks are material to his defense under the standard discussed in *Shiffra*, *Munoz* and *Walther*. Navarro should also specify in greater detail at the hearing the nature of the records he seeks, so that the trial court may properly consider whether he has made a sufficient showing to obtain an in camera inspection of them. In particular, we note that the State asserts in its brief that inmate complaints "are filed by inmate, not by employees who may be mentioned in the complaint." Greater specificity may thus be required in order for the court, or ultimately the custodian of the records, to determine whether the requested records exist and whether they are retrievable.

¶ 18.   Finally, we briefly address an argument which may resurface at the *Shiffra* hearing. The State contends that if Navarro in fact witnessed violence by the officer against other inmates, then he should already know the identities of those inmates and should not burden the institution with locating and disclosing information which can be obtained through other means. In essence, the State argues that, where information can be obtained from non-confidential sources, the court should not compel disclosure of confidential information. We disagree:

> It may well be that the evidence contained in the . . . records will yield no information different from that available elsewhere. However, the probability is equally as great that the records contain independently probative information. It is also quite probable that the

*quality* and probative *value* of the information in the reports may be better than anything that can be gleaned from other sources. . . . It is the duty of the trial court to determine whether the records have any independent probative value after an *in camera* inspection of the records.

*Shiffra*, 175 Wis. 2d at 611.

## CONCLUSION

¶ 19.   For the reasons discussed above, we reverse the appealed order and remand to the circuit court for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.