State of Wisconsin Plaintiff-Respondent,
v.
Harry L. Gant, Defendant-Appellant.
No. 02-3307.
Court of Appeals of Wisconsin.
Opinion Filed: April 15, 2004.
Before Deininger, P.J., Dykman and Lundsten, JJ.
¶1 PER CURIAM.
Harry Gant, pro se, appeals an order denying his motion for postconviction relief brought pursuant to WIS. STAT. § 974.06 (2001-02).[1] Gant argues that he received ineffective assistance of trial counsel and that there was insufficient evidence to support his conviction of operating a motor vehicle without the owner's consent by use or threat of force. We affirm.
¶2 The charges stem from an encounter Gant had with the victim, seventy-seven-year-old Loren Enerson. Gant met Enerson at the public library in downtown Madison. They began talking and Gant eventually went to Enerson's home with him. Sometime after they reached Enerson's home, Gant attacked Enerson with a brick, knocking him down. Gant took Enerson's car keys and his wallet containing about $350. He tied Enerson up and left in Enerson's truck. After a jury trial, Gant was acquitted of attempted first-degree homicide, but convicted of armed robbery, operating a motor vehicle without the owner's consent by use or threat of force, first-degree reckless injury with a weapon and false imprisonment. Gant then moved for postconviction relief pursuant to WIS. STAT. § 974.06, which the circuit court denied without a hearing.
¶3 If a postconviction motion alleges facts that, if true, would entitle a defendant to relief, the circuit court must hold an evidentiary hearing. State v. Bentley, 201 Wis. 2d 303, 309-10, 548 N.W.2d 50 (1996). "However, if the defendant fails to allege sufficient facts in his motion to raise a question of fact, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the [circuit] court may in the exercise of its legal discretion deny the motion without a hearing." Id.
¶4 Gant first argues that he received ineffective assistance of trial counsel. To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the performance prejudiced his or her defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). We need not address both components of the analysis if the defendant makes an inadequate showing on one. Id. at 697. We address each of Gant's claims regarding his counsel's performance in turn.
¶5 Gant argues that his attorney should have requested a competency hearing for him because he had written suicide letters while in jail, was placed under observation at the jail, and eventually attempted suicide. We are in accord with the circuit court's analysis of this issue and its conclusion that Gant was not entitled to a hearing because the record conclusively demonstrates that Gant was not entitled to relief. See Bentley, 201 Wis. 2d at 309-10. The circuit court explained:
[T]his court concludes that there was no evidence to doubt Gant's competency to stand trial, despite any mental health problems Gant may have been experiencing at the time. Without rendering an opinion as to whether Gant was or was not mentally ill, not every mentally ill defendant is incompetent to stand trial. Here, counsel indicated that he was aware of Gant's self-inflicted injuries and suicidal writings and had discussed them with Gant and was confident no competency issue existed. By virtue of the motions, the court was aware of those issues also. The court addressed Gant directly on the issue and Gant concurred on the record that there were no concerns about his competency to proceed. This court discussed other issues regarding Gant's motions in limine directly addressing its questions to Gant. Gant's responses were coherent, focused and did not suggest an inability to understand or participate in his defense. An alleged failure to question Gant's competency is not borne out by the record and the record conclusively shows that Gant is not entitled to relief on this issue.
(Citations omitted.)
¶6 Gant next argues that his counsel was ineffective for failing to uncover and attempt to introduce evidence of his victim's psychiatric problems. Again, we agree with the circuit court's analysis of this issue and conclude that it properly exercised its discretion in rejecting the claim without a hearing:
Gant's postconviction allegations on this issue are insufficient. There is nothing in Gant's motion that connects electroshock therapy treatment or mental health treatment with the lack of ability to perceive and relate facts truthfully, particularly in light of the fact that the medical records indicated that the treatment was conducted "a number of years" prior to the underlying incident. Gant includes no specific factual allegations describing what kind of mental health issues Enerson might have suffered from that would have interfered with or would have alerted counsel regarding Enerson's ability to testify truthfully or accurately. Receiving mental health counseling or treatment in and of itself does not constitute a sufficient showing of relevance or necessity for purposes of making a [motion for an in camera review of a victim's medical records]. Finally, Enerson testified and was crossexamined at trial and no testimony was elicited that suggested that he had trouble perceiving reality or was unable to relate past events accurately thus alerting counsel of the need to file a [motion for an in camera review of Enerson's medical records] to pursue a challenge to Enerson's credibility on that basis. Therefore, this court concludes that Gant's allegations of ineffective assistance of counsel on this issue are insufficient to warrant a Machner hearing.
(Citation omitted.)
¶7 Gant recasts his argument about Enerson's psychiatric record on appeal, arguing that it should have been admitted because it would have bolstered his theory of self-defense, showing Enerson had a history of violent actions. Gant's attempt to reframe the issue is to no avail. In order to succeed with this defense, Gant would have had to show that he was aware of Enerson's propensity to violence prior to the attack, thus provoking in Gant fear that Enerson was about to hurt him. See State v. Navarro, 2001 WI App 225, ¶13, 248 Wis. 2d 396, 636 N.W.2d 481. Gant did not meet Enerson until the day of the attack.
¶8 Gant next argues that his counsel ineffectively represented him because he did not effectively attack the testimony and credibility of Detective Bill Searls on cross-examination. Gant contends that Searls lied on the stand, but does not substantiate this claim. Gant also contends that counsel should have called another detective who worked with Searls, and who, Gant argues, would have refuted Searls' testimony. Gant offers absolutely no evidence to substantiate this claim either. Therefore, the circuit court appropriately exercised its discretion in rejecting these arguments. See Bentley, 201 Wis. 2d at 309-10.
¶9 Gant also contends that his attorney failed to object to improper assertions in the prosecutor's closing argument. The prosecutor stated:
[I]n order to acquit Harry Gant, you must believe that Detective Searls is lying and that Harry Gant is telling the truth. You have to believe that Detective Searls made up most of his interview of the defendant, and you have to believe [the other detective] sat idly by and let him do it.
We agree with the State that "Gant's argument reflects a basic misunderstanding of the purpose of closing argument and of the scope and range of the comments that closing argument contemplates." A prosecutor may summarize the evidence, comment upon it, argue from the evidence to a conclusion, "and state that the evidence convinces him or her [of the defendant's guilt], and should convince the jurors." State v. Adams, 221 Wis. 2d 1, 19, 584 N.W.2d 695 (Ct. App. 1998). The prosecutor may also give a personal opinion, as long as the opinion is based on evidence is in the record. State v. Cydzik, 60 Wis. 2d 683, 694-95, 211 N.W.2d 421 (1973). In the comments to which Gant objects, the prosecutor stayed within these bounds. Therefore, the circuit court properly denied Gant's claim. See Bentley, 201 Wis. 2d at 309-10.
¶10 Gant next argues that there was insufficient evidence to support the conviction of operating without the owner's consent by use or threat of force. Acknowledging that he was armed with a brick when he took Enerson's keys to the truck, he contends there was no evidence that he continued to possess the brick when he drove away in the truck. The flaw in Gant's argument is that no such evidence is required. The statute under which Gant was charged applies to a defendant who, like Gant, uses force against a victim to take their vehicle, regardless of whether they keep the weapon with them when they drive away. See WIS. STAT. § 943.23(1g) ("Whoever, while possessing a dangerous weapon and by the use of, or the threat of the use of, force or the weapon against another, intentionally takes away any vehicle without the consent of the owner is guilty of a... felony.").
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.